THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ROY GOOD, a/k/a James Roy Good, Defendant-Appellant.

Fourth District   Nos. 14726, 14727 cons.

Opinion filed December 6, 1978.

MILLS, J., specially concurring.

Richard J. Wilson and Diana N. Cherry, both of State Appellate Defender's Office, of Springfield, for appellant.

C. David Vogel, State's Attorney, of Pontiac (Robert C. Perry and Gary J. Anderson, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:
The defendant, James Roy Good, appeals from the judgment of the trial court revoking his probation. He argues that he had no notice and no opportunity to defend against the charge of deceptive practices which the judge articulated as the basis for revoking his probation.

In August 1977, the defendant, pursuant to a plea agreement, entered pleas of guilty to charges of forgery, disorderly conduct, theft and unauthorized use of a motor vehicle, and deceptive practices. He was placed on probation for these offenses and was ordered to pay fines and restitution. In addition, he was sentenced to several days in the county jail. In September 1977, a petition was filed to revoke the defendant's probation on all previous charges. Specifically, the petition charged that the defendant had "committed the offense of forgery, * * * in violation of section 17—3(a-2) of chapter 38 of the Illinois Revised Statutes."

A hearing on the petition to revoke probation was held in conjunction with a preliminary hearing on the forgery charge. Several witnesses testified for the State and the defendant testified in his own behalf. In his closing argument, the State's Attorney noted that the evidence, if not sufficient for forgery, was sufficient to prove that the defendant had committed the included offense of deceptive practices. The State's Attorney noted that this would still suffice to revoke the defendant's probation.

At the conclusion of the hearing, the trial court found that *probable cause* had been established to support the forgery charge. In addition, the court found that the State had proved that the defendant had violated the deceptive practices section of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 17—1), and his probation was revoked pursuant to that finding. In October 1977, the defendant was sentenced on the original charge of forgery to 2 to 6 years, and concurrent sentences of 6 months and 364 days were also imposed for the other original charges.

■■ ■ The minimum requirements of due process for a probation revocation hearing require that the defendant be given written notice of the claimed violation and an opportunity to defend against the charge. (*Gagnon v. Scarpelli* (1973), 411 U.S. 778, 36 L. Ed. 2d 656, 93 S. Ct. 1756.) In the instant case, the only written notice given the defendant was the probation revocation petition and it alleged that he had violated his probation by committing the offense of forgery. The trial court, contrary to the petition, revoked his probation on the basis that the State had shown that the defendant committed the separate, distinct, and nonincluded offense of deceptive practices. Clearly, the defendant did not have notice or any opportunity to defend against the deceptive practices charge.

However, the defendant was convicted in a jury trial of the forgery referred to in the petition to revoke for probation. That jury trial was on January 18, 1978, subsequent to this revocation proceeding. Thus, upon this record and the record in *People v. Good* (4th Dist. General No. 14916, Rule 23 Order filed Dec. 6, 1978), it is clear that the defendant was guilty of the forgery even though the trial court in the revocation proceeding

only found "probable cause" as to the forgery and erroneously revoked probation on the basis of the nonincluded offense of deceptive practices. That was error, but upon the basis of both records, such error is of no substantial consequence.

■■ We conclude that the error was harmless and does not require a reversal and a new revocation proceeding based now upon the mere proof of the conviction. This is particularly true in view of the concurrent nature of the penalties imposed. The judgment of the circuit court of Livingston County is affirmed.

Affirmed.

GREEN, J., concurs.

Mr. JUSTICE MILLS, specially concurring:
The sole issue on appeal was waived.

When the Assistant State's Attorney first referred to or mentioned the offense of deceptive practice in his argument, no objection was made. When defense counsel presented his final argument, he did not refer to this issue. When the trial court announced its finding, no objection was made by the defense. After sentence was imposed, no post-revocation motion was made—either orally or in writing. The issue was raised for the first time on appeal.

The majority reaches the correct result but for the wrong reason. It treats the singular issue raised, finds error, but concludes it to be harmless. To my view, the merits need not be reached and to do so is a fruitless waste of ink.

Waiver is like pregnancy. It either exists or it doesn't. And there isn't just a little bit of either.

In *People v. White* (1975), 33 Ill. App. 3d 523, 338 N.E.2d 81, a case of probation revocation, the court said, without equivocation:

"Our initial observation is that respondent's challenges to the adequacy of the notice are made for the first time on this appeal. No such objection was made in the revocation proceeding itself. Absent such objection in that proceeding, the matter is waived on appeal. *People v. Shadowens* (1973), 10 Ill. App. 3d 450, 294 N.E.2d 107." 33 Ill. App. 3d 523, 531, 338 N.E.2d 81, 88.

The *Shadowens* court was even more emphatic:

"Even if the probationer had no notice, the proper place for objection is the revocation hearing and the issue cannot be raised for the first time on appeal." 10 Ill. App. 3d 450, 452, 294 N.E.2d 107, 109.

The *Shadowens* court cited *People v. Whittaker* (1968), 101 Ill. App.

2d 432, 243 N.E.2d 467, and *People v. Headrick* (1964), 54 Ill. App. 2d 44, 203 N.E.2d 157, as authority for its holding. Both of those cases stand for the proposition that since the question of notice was not raised before the trial court, it may not be raised for the first time before a court of review. The reasons for this rule—legion in number—make eminently sound sense to me. And one of the soundest of those reasons is to permit the trial court to correct any matter while the case is before it, saving for everyone concerned that most precious and valuable commodity—time.

The matter was waived.

This appeal should not even be before us.

I concur in the result.