THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM J. HORTON, Defendant-Appellant.

First District (3rd Division)    No. 78-622

Opinion filed June 6, 1979.

James J. Doherty, Public Defender, of Chicago (James H. Reddy, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr and Myra J. Brown, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE SIMON delivered the opinion of the court:

The defendant, William J. Horton, convicted of armed robbery and sentenced to a term of 20 to 50 years, appeals from a denial following an

evidentiary hearing of his petition for post-conviction relief. His conviction was affirmed on direct appeal by the appellate court (35 Ill. App. 3d 208) and the supreme court (65 Ill. 2d 413). Following affirmance by the appellate court, the defendant filed a *pro se* petition for post-conviction relief. (Ill. Rev. Stat. 1975, ch. 38, par. 122—1 *et seq.*) This petition and a subsequent amended petition alleged that defendant's trial counsel had a conflict of interest since he had participated in the preliminary stages of the case as an assistant State's Attorney, and consequently, the defendant was denied effective assistance of counsel.

It is undisputed that the trial court appointed private counsel to represent the defendant. Because the appointed attorney was unable to be present for a court appearance in this case, his partner was in court in his place. The attorney who was present filed the appointed attorney's appearance and a petition for discovery on behalf of the defendant. Several months later when the defendant's case was called for trial, the appointed attorney was engaged elsewhere, and his partner again appeared in his place, and represented the defendant throughout his trial.

The defendant's trial attorney had formerly been employed as an assistant State's Attorney. In that capacity, he had been in the courtroom when the defendant's case was assigned to a trial judge and on several dates when the defendant's case was on the court call. Also, he had prepared the State's answer to discovery in this case and his name appeared upon the answer.

In view of the manner in which we dispose of this appeal, we shall accept the version of the facts presented by the State and found by the judge who presided at both defendant's trial and the post-conviction proceedings, discounting the version urged upon us by the defendant. The defendant denied knowing until after his trial was concluded that his trial attorney had previously represented the State in the same case or that the latter had been an assistant State's Attorney assigned to this case. The attorney, however, testified as follows: When he first appeared on behalf of the appointed attorney, the defendant acknowledged knowing who he was and recognizing him from his previous court appearances as a State's Attorney in the case. The attorney told the defendant he had previously acted on behalf of the State in the case and was familiar with the facts. The attorney also testified that at the time of trial he explained to the defendant that the court-appointed attorney was unavailable. His testimony was that the defendant again said he remembered him from his participation in the case as an assistant State's Attorney, and that the defendant wished to go to trial immediately.

From the evidence presented at the post-conviction hearing, the judge found that the defendant knew prior to trial of his attorney's

preliminary involvement in the case as an assistant State's Attorney, and nevertheless insisted on going to trial immediately with that attorney acting as his trial counsel.

## I

■■ The State initially contends that the defendant is precluded from raising the issue of his attorney's conflict because he failed to present it on direct appeal. The attorney employed by the State Appellate Defender who handled defendant's direct appeal testified at the post-conviction hearing that he knew that the defendant's trial counsel had previously participated in the case on behalf of the State, but had not raised the matter on direct appeal. This is undisputed. Defendant's claim that he wrote to appellate counsel about his trial counsel's prior involvement in the case when he discovered it while reviewing a copy of the trial record during the pendency of the direct appeal is also undisputed. Under these circumstances, fundamental fairness requires consideration of defendant's contention which, for some unexplained reason, the defendant's appellate counsel failed to raise during the direct appeal even though the defendant set forth his grievance in his *pro se* petition before that appeal was heard by the supreme court. Because the defendant's manifest effort to call his trial attorney's conflict of interest to the attention of the reviewing court was thwarted by his appointed appellate counsel, precluding consideration of the issue the defendant now raises is inconsistent with the spirit and ultimate purpose of the Post-Conviction Hearing Act. See *People v. Frank* (1971), 48 Ill. 2d 500, 503-04, 272 N.E.2d 25.

## II

Next, the State contends that unlike the inconsistent relationship between an accused and his counsel condemned in *People v. Stoval* (1968), 40 Ill. 2d 109, 239 N.E.2d 441, the defendant's trial attorney in this case had no concurrent conflict of interest while he represented the defendant. He had left the State's Attorney's office to become a full-time private attorney. The State concludes this argument by asserting that there was no evidence that the attorney's minimal contact with the defendant's case in preliminary proceedings while he was an assistant State's Attorney in any way affected his vigorous and competent representation of the defendant at trial.

■■ The answer to the State's argument is supplied by *People v. Kester* (1977), 66 Ill. 2d 162, 167-68, 361 N.E.2d 569, where the court rejected an identical contention in a factual setting similar to that presented in this case. In *Kester*, the representation of two clients with conflicting interests was also not concurrent. There, as here, the State argued that the former

assistant State's Attorney turned defense counsel participated in the prosecution of defendant's case only in routine, preliminary matters involving minimum contacts of a "highly formalistic" nature. The court's response in *Kester* was:

> "* * * where counsel has repeatedly appeared on behalf of the State in the particular case in which he is now representing defendant, we are not persuaded that inquiry into the precise nature and extent of his personal involvement is either necessary or desirable. While there has been no showing that, as assistant public defender, counsel did not represent the defendant in a competent and dedicated manner with complete loyalty to him, we conclude that a potential conflict was present, and, in accordance with *Stoval*, we hold that it was unnecessary for the defendant to show that actual prejudice resulted therefrom." *Kester*, 66 Ill. 2d 162, 168.

### III

■■■ Even when defense counsel is in a conflict of interest position because of his previous involvement in the case, a defendant who knows of the prior association may accept counsel's assistance, thereby waiving any claim that he was deprived of his sixth amendment right to counsel. (*Kester*; *People v. Schmidt* (1978), 61 Ill. App. 3d 7, 9, 377 N.E.2d 553.) Courts, however, are reluctant to hold that an accused has waived fundamental constitutional rights, and indulge in every reasonable presumption to avoid such a waiver. They apply the rule that an "intentional relinquishment or abandonment of a known right or privilege" is required to constitute a waiver resulting in the loss of fundamental rights. (*Johnson v. Zerbst* (1938), 304 U.S. 458, 464, 82 L. Ed. 1089, 58 S. Ct. 610; *Stoval*.) *People v. Coslet* (1977), 67 Ill. 2d 127, 364 N.E.2d 67, *Kester*, and *Stoval* all reflect an insistence by our supreme court that the courts of this State must take care to avoid the appearance of impropriety and of conflict of interest that arises from the court appointment of counsel to represent a defendant where that counsel previously participated in the same case as a prosecutor.

The State contends that the defendant, by electing to proceed to trial with knowledge that his attorney had previously acted as a prosecutor in his case, waived objection to his counsel's conflict of interest. The defendant's position, on the other hand, is that the only way the law permits a defendant to waive a conflict of interest affecting his attorney is by a statement on the record in open court after proper admonitions by the trial judge. The defendant's argument relies on the following statement by the *Kester* court:

> "The record does not, in our judgment, establish that defendant

knowingly waived his right to representation by court-appointed counsel who was free from any conflict of interest. It does not appear that the defendant was in any manner admonished as to the significance of the potential conflict * * *." *Kester*, 66 Ill. 2d 162, 168.

In *Stoval*, the trial judge was aware of the potential conflict, and made some, although an inadequate, effort to explain the problem of counsel's other association to the defendant. The supreme court held that notwithstanding that effort, the defendant was not adequately informed of the nature and significance of the conflict of interest and did not understand how a conflict would affect, sometimes subtly, the representation of one accused of crime. *Stoval*, 40 Ill. 2d 109, 113-14.

Showing in the record any conflict in which defense counsel in a criminal case may find himself, and having the trial judge fully admonish the defendant regarding the consequences the conflict might have on the defendant's representation as well as the right to obtain other counsel are obviously the most prudent procedures to avoid later criticism or appearances of impropriety. We, however, do not read *Stoval* or *Kester* or any other Illinois case to mandate that this is the only way to effect a valid waiver. The Fifth Circuit Court of Appeals has in two opinions, *United States v. Garcia* (5th Cir. 1975), 517 F.2d 272, and *Zuck v. Alabama* (5th Cir. 1979), 588 F.2d 436, announced that a defendant in a criminal case in the Federal forum cannot knowingly and intelligently give up his right to conflict-free counsel unless the district court judge affirmatively participates in the waiver decision. Those opinions require the district court judge to admonish the defendant regarding the following matters: the existence of a conflict of interest; the consequences to the defense that continuing with counsel in a position of conflict could have; and the right of the defendant to ask for other counsel. The judge is also expected to ascertain that the defendant comprehends these admonitions.

It is not necessary in disposing of the defendant's contention in this case, to determine whether the formal procedure and admonishments in open court explained in *Garcia* and *Zuck* should be required in Illinois. In the evidentiary hearing on the post-conviction petition, the defendant's trial counsel testified only that he and the defendant had discussed his prior representation of the State in this case, and that the defendant, aware that he had formerly acted as a prosecutor in the case, still wished to proceed to trial. Neither the attorney nor the State has suggested that the defendant and his trial attorney discussed the nature of a conflict of interest, how a conflict might affect the representation that the defendant would receive or the right the defendant had to ask for other counsel if he was dissatisfied with having his former prosecutor as his trial attorney.

■■ Without regard to whether a waiver of counsel's conflict in a criminal case can be valid if not in open court, the record does not show that defendant had sufficient information and understanding to make a knowing and intelligent decision. (Compare *People v. Johnson* (1979), 75 Ill. 2d 180, 387 N.E.2d 688.) The record shows only that the defendant knew before his trial of his counsel's prior representation of the State. It fails to show that his trial attorney informed the defendant of any of the consequences which might occur because of counsel's past association. Nor does the record indicate that the attorney made the defendant aware of any alternatives available to him. The State argues that it may be inferred from the defendant's failure to object and his willingness to go to trial that he not only acquiesced in his counsel's conflict, but believed that some possible benefit would inure to him from the attorney's knowledge of the case or previous experience as a prosecutor. However, in view of the subtleties frequently mentioned by reviewing courts in determining whether an attorney has a conflict of interest (for example, see *Coslet*, 67 Ill. 2d 127, 135; *Kester*, 66 Ill. 2d 162, 167; *Stoval*, 40 Ill. 2d 109, 114; *Zuck*, 588 F.2d 436, 439-40), and the sharp disagreement in this very case between the State and the defendant as to whether the attorney actually was in an inconsistent position, is it not unrealistic to expect that a defendant, untrained in the law, will understand, without guidance, what a potential conflict of interest is and how it may affect his fate? How can it reasonably be inferred that the defendant knew enough about the significance of the potential conflict of his attorney to complain to the court about it? For this reason, we are forced to conclude, although reluctantly, that notwithstanding the affirmance of the defendant's conviction by the supreme court on direct appeal, the defendant was denied his sixth amendment right to effective assistance of counsel. *Zuck v. Alabama* (5th Cir. 1979), 588 F.2d 436.

IV

■■ Another aspect of this proceeding requires consideration. In *People v. Hall* (1978), 58 Ill. App. 3d 487, 490, 374 N.E.2d 822, this court imposed upon a trial judge who appoints private counsel to represent a defendant the obligation to "take sufficient care to determine that the lawyer appointed has not participated in the case in an adversary capacity prior to appointment or that full disclosure of such participation be made known to defendant." We cannot envision how this salutary rule can be adhered to as a practical matter where an appointed attorney permits his partner or another attorney designated by him to appear in his place. The attorney appointed by the court has the responsibility of proceeding with the defense; this is not an undertaking that he can delegate to a partner or another attorney without the express consent of the court which

appointed him. The record in this case does not show an approval of the substitution for the attorney who was appointed.

Reversed and remanded with directions to grant the defendant a new trial.

McGILLICUDDY and RIZZI, JJ., concur.