**In re Bobby L. BRYAN, Appellant.**

No. 81–5158.

United States Court of Appeals, Fifth Circuit. Unit B

May 18, 1981.

Robert A. Harper, Jr., Gainesville, Fla., for appellant.

Kenneth W. Sukhia, Asst. U. S. Atty., Tallahassee, Fla., for appellee.

Before TJOFLAT, VANCE and THOMAS A. CLARK, Circuit Judges.

PER CURIAM:

This is an appeal from a finding of civil contempt for failure to answer certain questions before a federal grand jury. In 1980 appellant was charged on four counts relating to the importation, possession and distribution of marijuana. Subsequently, he entered into a plea agreement under which he agreed to plead guilty to Count I and the government agreed to dismiss Counts II–IV. As part of the agreement, appellant also agreed to testify about the drug smuggling operation before federal grand juries.[1]

In February 1981 appellant was summoned before a federal grand jury. At this time, he refused to answer certain questions concerning the drug operation, invoking his fifth amendment privilege against self-incrimination. The district court found that appellant had waived his fifth amendment privilege by signing the plea agreement. His continued refusal resulted in the order

---

1. The pertinent part of the plea agreement reads as follows:

Defendants further agree to cooperate fully with law enforcement by giving complete and truthful information on any illegal activities about which they have knowledge, including testimony before any state or federal Grand Jury. Defendants further agree to provide complete and truthful testimony at trial regarding the crimes charged in Counts I–IV of the indictment returned on August 13, 1980 and any subsequent indictment returned by a Grand Jury on this or any other case.

of contempt from which this appeal was taken.

A plea of guilty waives a claim of self-incrimination with respect to the crime to which the guilty plea pertains. "This is nothing more than the truism that after one has been found guilty, all possible incrimination has passed and the privilege is no longer available." *United States v. Wilcox*, 450 F.2d 1131, 1142 n.12 (5th Cir. 1971), *cert. denied*, 405 U.S. 917, 92 S.Ct. 941, 30 L.Ed.2d 787 (1972). "If such crime is the only one for which the defendant is potentially liable, he can be forced to testify. But if the witness is still subject to prosecution for other crimes which his testimony might tend to reveal, the privilege remains." *United States v. Yurasovich*, 580 F.2d 1212, 1218 (3d Cir. 1978). *Accord, United States v. Wilcox*, 450 F.2d at 1142 n.12. *See also United States v. Barham*, 625 F.2d 1221, 1225 (5th Cir. 1980).

 The government concedes that a plea of guilty does not constitute a blanket waiver of fifth amendment rights but maintains that appellant waived these rights by agreeing to testify. The Supreme Court has repeatedly made clear that purported waivers of fundamental constitutional guarantees are subject to the most stringent scrutiny. An effective waiver requires an "intentional relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). Valid waivers "not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1468, 25 L.Ed.2d 747 (1970). *Accord, United States v. Garcia*, 517 F.2d 272, 276 (5th Cir. 1975); *United States v. Escandar*, 465 F.2d 438, 441 (5th Cir. 1972). Because of the far-reaching consequences involved in a waiver of a basic right, "Courts indulge every reasonable presumption against waiver of a fundamental right...." *United States v. Shea*, 508 F.2d

82, 85 (5th Cir.), *cert. denied*, 423 U.S. 847, 96 S.Ct. 87, 46 L.Ed.2d 69 (1975).

The evidence in this case simply does not reach the level required when waiver of a fundamental right is asserted. The plea agreement itself makes no reference to the waiver of fifth amendment rights. While the district judge in accepting appellant's guilty plea questioned him carefully as to his understanding of various parts of the agreement, no mention was made of a waiver of the privilege against self-incrimination in future proceedings. No other evidence has been offered which suggests that appellant understood that he was waiving that right. It is therefore impossible for us to find that appellant "intentionally relinquish[ed] ... a known right" with "sufficient awareness ... of [the] likely consequences."

Appellant has clearly bound himself to testify. He is, however, entitled to assert his fifth amendment privilege where the court determines that he has "reasonable cause to apprehend danger from a direct answer." *Hoffman v. United States*, 341 U.S. 479, 486, 71 S.Ct. 814, 818, 95 L.Ed. 1118 (1951).[2] The finding of contempt is accordingly reversed.

REVERSED.

---

2. Bryan concedes that he may be compelled to give the challenged testimony in the event that he is granted immunity pursuant to applicable statutes.