STATE of South Dakota, Plaintiff
and Appellee,

v.

Cole C. McCORMICK, Defendant
and Appellant.

No. 15068.

Supreme Court of South Dakota.

Considered on Briefs Feb. 11, 1986.

Decided April 9, 1986.

Thomas H. Harmon, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Richard Braithwaite, Sioux Falls, for defendant and appellant.

WUEST, Justice.

This is an appeal from an order revoking a suspended imposition of sentence. We reverse and remand for a new hearing.

On April 22, 1985, appellant Cole C. McCormick (McCormick) was given a sus-pended imposition of sentence and placed on probation for the offense of third-degree burglary. On June 7, 1985, McCormick was again arrested and charged with third-degree burglary in connection with his actions in an alley behind a Sioux Falls business on that date. The charge was later amended to attempted third-degree burglary. On July 23, 1985, McCormick was tried and acquitted of the amended charge. The trial court dismissed the charge for failure of State to prove one of the essential elements of third-degree burglary under SDCL 22–32–8, namely, that the structure in question was unoccupied at the time of the alleged attempted burglary.

Prior to trial, State served and filed a motion to revoke McCormick's suspended sentence based solely on the third-degree burglary charge. The revocation motion was never amended to allege attempted third-degree burglary, nor any other violations. On August 1, 1985, a revocation hearing was held. At the commencement of the hearing there was a discussion concerning whether McCormick's probation could be revoked on grounds other than the burglary charge set out in the revocation motion. McCormick maintained that the court could only consider the third-degree burglary charge because due process warranted prior written notice of any other alleged violations. He argued he was only prepared to defend against the charge alleged in the motion. The trial court, however, stated its intention to consider three other possible violations stemming from McCormick's arrest on June 7, including: (1) attempted first-degree burglary under SDCL 22–4–1 in connection with SDCL 22–32–1; (2) possession of burglary tools under SDCL 22–32–17; and (3) intentional damages to property under SDCL 22–34–1. No claim is made that these charges are included offenses of third-degree burglary.

The trial court offered McCormick additional time to prepare and answer these violations. McCormick, however, had been in jail since his arrest, and because the trial court refused to release him on his own recognizance during the continuance,

the offer was rejected and the hearing proceeded. Based on testimony from McCormick's burglary trial, and testimony given at the revocation hearing, the trial court held it was *reasonably satisfied*[1] that McCormick had committed two felonies; possession of burglary tools, and attempted first-degree burglary under the laws of South Dakota. Consequently, the court revoked his probation. He is now serving eighteen months in the South Dakota State Penitentiary. On appeal, McCormick contends he was denied due process because he was not afforded prior written notice of the violations upon which his probation was revoked. We agree.

One of the minimum due process requirements of parole or probation revocation proceedings is written notice of the claimed violations.[2] *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *see also United States v. Davila,* 573 F.2d 986 (7th Cir.1978); *Clark v. Wyrick,* 538 F.2d 1327 (8th Cir.1976); *Collins v. State,* 151 Ga. App. 116, 258 S.E.2d 769 (1979); *People v. Good,* 66 Ill.App.3d 32, 22 Ill.Dec. 777, 383 N.E.2d 253 (1978); *Rubera v. Commonwealth,* 371 Mass. 177, 355 N.E.2d 800 (1976); *State v. Anderson,* 303 N.W.2d 98 (N.D.1981); *Commonwealth v. Honeyblue,* 246 Pa.Super. 442, 371 A.2d 919 (1977); *State v. Ellefson,* 334 N.W.2d 56 (S.D. 1983); *State v. Lohnes,* 266 N.W.2d 109 (S.D.1978).

The purpose of the requirement that written notice be given prior to such proceedings is to insure that the parolee or probationer is able to sufficiently prepare his case, both against the allegations of violations and against the contention that the violations, if proven, demonstrate that parole or probation is no longer an effective rehabilitative tool and should be revoked. In other words, the requirement bears directly upon the ability to contest revocation proceedings. *Com. v. Perry,* 254 Pa.Super. 48, 385 A.2d 518 (1978). In the present case, McCormick was not informed of the charges upon which the trial court revoked his probation until the time of the hearing. Indeed, State conceded during the proceeding that it intended to rely only on the third-degree burglary charge set out in the motion, and it was the trial judge who proposed that additional violations could possibly be found from McCormick's actions on the night of his arrest.

State contends that McCormick waived his right to written notice of the alleged violations because he refused the court's offer to continue the hearing. Constitutional rights, including those in the Bill of Rights, may be waived by the defendant. *Jones v. State,* 353 N.W.2d 781 (S.D.1984); *State v. Violett,* 79 S.D. 292, 111 N.W.2d 598 (1961). However, the waiver must be made voluntarily, knowingly, and intelligently, with sufficient awareness of the relevant circumstances and likely consequences. *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *Jones, supra.*

---

**1.** This court has stated that probation revocation proceedings are not criminal prosecutions and the standard of proof in such proceedings is that the trial court must be "reasonably satisfied" that the conduct of the probationer has not been as good as required under the conditions imposed. *State v. Olson,* 305 N.W.2d 852 (S.D. 1981); *State v. Burkman,* 281 N.W.2d 442 (S.D. 1979).

**2.** *Morrissey v. Brewer,* 408 U.S. 471, 489, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484, 499 (1972), enumerated the "minimum requirements of due process" in parole revocation cases as follows:

'(a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.'

*Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), extended these requirements to probation revocation proceedings.

The waiver of a constitutional right must be positively established, and the burden is on the party alleging waiver, *State v. Cochrane*, 84 S.D. 527, 173 N.W.2d 495 (1970), as courts closely scrutinize such allegations, indulging every reasonable presumption against waiver. *In re Bryan*, 645 F.2d 331 (5th Cir.1981); *United States v. Rich*, 589 F.2d 1025 (10th Cir.1978); *Isbell v. County of Sonoma*, 21 Cal.3d 61, 145 Cal. Rptr. 368, 577 P.2d 188 (1978); *People v. Horton*, 73 Ill.App.3d 9, 29 Ill.Dec. 235, 391 N.E.2d 498 (1979); *State v. Moore*, 276 N.W.2d 437 (Iowa 1979); *State v. Moore*, 203 Neb. 94, 277 N.W.2d 554 (1979). When determining whether a constitutional right has been waived, this court looks to the totality of the circumstances. *State v. Bult*, 351 N.W.2d 731 (S.D.1984).

In the present case, we note that the trial court allowed appellant and his counsel an opportunity to privately discuss the court's offer of a continuance. While the offer was rejected, the record does not affirmatively establish that appellant, a twenty-two year old high school drop out, was informed by counsel or the court that his rejection of the offer could be construed as a waiver of his right to prior notice of the charges upon which his probation was to be revoked, nor did appellant state he waived the notice requirement. The record reflects that after the offer was rejected by counsel the trial court did allow appellant's counsel to preserve his record in connection with his position that due process required prior notice. These facts militate against finding that the alleged waiver was made "knowingly and intelligently, with sufficient awareness of the relevant circumstances and likely consequences." Further, the fact that appellant was to remain incarcerated during the continuance affects the voluntariness of the alleged waiver. Under these circumstances, we believe the State has failed to show a waiver of appellant's right to prior notice of the alleged probation violations. Moreover, we believe the Supreme Court's pronouncements in *Morrissey* and *Gagnon, supra,* require that prior to a parole or probation revocation proceeding, the defendant be given notice of sufficient specificity to enable him and his counsel to know and understand the nature of the charges and prepare for the proceeding. Accordingly, we reverse and remand to the trial court for a new revocation hearing.[3] The court may direct the state's attorney, an officer of the court, to prepare appropriate written notice consistent with this opinion.

MORGAN and HENDERSON, JJ., and HERTZ, Circuit Judge, acting as a Supreme Court Justice, concur.

FOSHEIM, C.J., dissents.

SABERS, J., not having been a member of the Court at the time this action was submitted to the Court, did not participate.

FOSHEIM, Chief Justice (dissenting).

I dissent.

Notice was sufficient since all acts relied upon to revoke McCormick's probation arose from the same event which resulted in the Third Degree Burglary charge. Moreover, McCormick declined the continuance tendered by the trial court.

---

**3.** Given this decision, we deem it inappropriate to consider McCormick's challenge to the sufficiency of the evidence supporting the trial court's finding that he violated his probation.