**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Ralph E. MACY, Defendant and Appellant.**

**No. 15402.**

Supreme Court of South Dakota.

Argued Jan. 13, 1987.

Decided April 8, 1987.

Thomas Harmon, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., on the brief.

Jon J. LaFleur of LaFleur and LaFleur, Rapid City, for defendant and appellant.

WUEST, Chief Justice.

Appellant, Ralph Macy, appeals the circuit court's revocation of suspended imposition of sentence. We affirm.

On February 7, 1983, appellant plead guilty to passing checks against insufficient funds (first degree), in violation of SDCL 22-41-1. Appellant faced a maximum of two years in the South Dakota State Penitentiary. SDCL 22-6-1(8). As part of a plea agreement, on March 18, 1983, the circuit court entered an order suspending imposition of sentence and placed appellant on ten years probation. Part of the conditions of probation were that appellant (1) violate no laws of any jurisdiction during this period; (2) make restitution of $158,000; (3) submit an updated restitution plan and a report of his financial status every six months; (4) *have no insufficient funds checks;* (5) maintain only one checking account; (6) record all income and expenses for amounts over $50;

(7) honor all loan obligations; and, (8) perform 300 hours of community service.

Appellant wrote an insufficient funds check for $320 on June 15, 1985. His supervising court service officer filed a petition to revoke the suspended imposition of sentence based upon the June 15th check and a number of other checks written against insufficient funds between April and August 1983. The court revoked the order suspending imposition of sentence. In its order the court concluded that defendant had violated the terms of his probation by writing "insufficient funds" checks. There was the $320 returned check from July 15th as well as six others written in June and July, 1985. The court also concluded that defendant had written checks on a second account and had not reported all transactions over fifty dollars. The petition for revocation did not contain notice of other alleged violations. The court entered a judgment of conviction and sentenced the appellant to two years imprisonment. The court did not rule on appellant's motion to correct illegal sentence.

■ Appellant argues that a period of probation cannot exceed the authorized maximum term of imprisonment. Appellant argues that if SDCL 23A-27-13 allows a court to set probation longer than the maximum sentence, then it is an unconstitutional delegation of legislative power to the judicial branch.

"[I]mposition or execution of a sentence may be suspended by the court empowered to impose the sentence unless otherwise provided by law." S.D. Const. art. V, § 5.

Upon receiving a verdict or plea of guilty for a misdemeanor or felony not punishable by death or life imprisonment by a person never before convicted of a crime which at the time of conviction thereof would constitute a felony in this state, a court having jurisdiction of the defendant, when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby may, without entering a judgment of guilty, and with the consent of the defendant, suspend the imposition of sentence and place the defendant on pro-

bation for such period and upon such terms and conditions as the court may deem best. A court may revoke such suspension at any time during the probationary period and impose and execute sentence without diminishment or credit for any of the probationary period.

SDCL 23A–27–13.

Many states legislatively fix maximum periods of probation to a set number of years. *See* American Bar Association Standards for Criminal Justice, Standard 18–2.- 3, 18–81 n. 19 (2 Ed. 1980 & 1986 Supp). Those fixed periods do not relate directly to the maximum term of imprisonment authorized for the relevant offense. Other states do legislatively limit probationary periods to the maximum sentence authorized for the offense. *ABA Standards, supra.* South Dakota, however, does not limit the court's discretion in setting the period of probation.

There are good reasons for allowing flexibility in the length of suspended imposition of sentence as well as the conditions. The judge has the position, proximity, and perspective to provide an individualized, and retrospective evaluation of the offense and the offender. Appellant was free to accept the suspended imposition of sentence alternative in lieu of sentencing. SDCL 23A–27–13. He chose probation but now challenges what he voluntarily accepted.

Appellant asks this court to follow *People v. Knaub,* 624 P.2d 922 (Colo.Ct.App. 1980) and *Watts v. State,* 328 So.2d 223 (Fla.Dist.Ct.App.1976). Those courts held that the duration of probation could not exceed the allowable term of confinement, but both states have statutory limits. In Colorado, probation is allowed "[w]ithin the limitations of the penalties provided by the classification of the offense ..." COLO. REV.STAT. § 16–11–101(1) (1986). In Florida, similarly, limiting statutes still control. *See* FLA.STAT.ANN. §§ 948.01(5), 948.- 04(1) (West 1985). South Dakota has no limiting statute.

Appellant also asks this court to follow *Hicklin v. State of Wyoming,* 535 P.2d 743 (Wyo.1975). The Wyoming Court held that since courts can only impose those sentences authorized by the legislature, and since probation is constructive confinement, therefore probation cannot exceed a period in excess of the maximum term of imprisonment authorized for violation of the relevant offense. The Court reached that conclusion even though Wyoming's probation statute allowed the period of probation and the conditions thereof to be determined by the court.

We do not feel compelled to accept the reasoning of the Wyoming court over the provisions of SDCL 23A–27–13. This court has ruled that probation is an alternative to sentencing, not an actual sentence.[1] *See State v. Jackson,* 272 N.W.2d 102 (1978). Thus we hold the court's discretion to set a probation period is not an unconstitutional delegation of legislative authority.

■ Appellant argues the ten year period of suspended imposition of sentence was illegal, hence his motion for discharge should have been granted. First, appellant's probation was not illegal. Second, since appellant did not observe the conditions of his probation, he was not entitled to discharge. SDCL 23A–27–14. Appellant also argues that the court should have granted his motion to correct an illegal sentence.[2] We will not address the issue because appellant failed to brief the argument. An assignment of error not briefed and argued is deemed abandoned. *Graham v. State,* 328 N.W.2d 254 (S.D.1982).

■ Appellant argues the length and conditions of probation constituted cruel and unusual punishment. We have stated that probation is not a sentence. Therefore, we do not feel that the reasonableness of probation conditions should be measured under the cruel and unusual punishment test under *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). The test is one of reasonableness. *State v. Pettis,* 333 N.W.2d 717 (S.D.1983); *White*

---

**1.** The ABA Standard for Criminal Justice 18–2.3 urges that probation be considered a sentence.

**2.** There has not yet been a ruling by the court on this motion.

*Eagle v. State,* 280 N.W.2d 659 (S.D.1979). The length and conditions of probation were reasonable given the nature of the crime and the amount of restitution involved. We do not find any abuse of the court's discretion.

■ Appellant argues he was denied equal protection of the law because the length of his probation exceeded two years. Appellant offers seventh circuit administrative records for periods of probation given to first time offenders of Class 6 felonies. We take judicial notice that other instances of probation have extended beyond two years. Appellant has not supplied other evidence so that we might analyze the seriousness of these other cases. We therefore find no equal protection violation.

■ Appellant argues he was unconstitutionally imprisoned for debt. This is not true. Appellant's probation was revoked because of writing an insufficient funds check, not for failing to meet the restitution requirement.

■ Appellant argues the court erred in revoking probation. First, appellant asserts that the evidence did not show a violation of probation. However, the evidence is clear that appellant passed an insufficient funds check. Second, appellant asserts that the court used other evidence of probation violations for which there was no notice given in the petition of revocation. While we agree that appellant was entitled to notice, *State v. McCormick,* 385 N.W.2d 121 (S.D.1986), these other findings amount to harmless error. The petition for revocation contained the insufficient funds check violation of which he received notice and this violation alone was sufficient for revocation.

The decision of the circuit court is affirmed.

MORGAN, SABERS and MILLER, JJ., concur.

HENDERSON, J., specially concurs.

HENDERSON, Justice (specially concurring).

In concurring, I wish to express that, in this state, the constitutional source of a trial judge's authority to suspend imposition of sentence has been restricted by the legislature, but this does not encompass the terms and conditions of the probation. Frankly, the probation here was long, onerous, and questionably impossible to perform, i.e., reimbursing insufficient funds checks in excess of $158,000. It does not appear that Macy had the financial wherewithal to generate such a substantial amount of money nor to comply with the repayment schedule. However, Macy's revocation did not arise from his failure to make required payments; rather, his revocation of probation arose by writing an insufficient funds check, the very type of criminal activity upon which he was prosecuted. This long, onerous, and highly questionable repayment plan must be viewed, from a standpoint of reason, in this vein: Macy agreed to it. He did not want to be sentenced to the State Penitentiary and he agreed to this hard sentence to secure probation. He apparently lived by the probation conditions for two years but in the third year of his probationary term, he had a significant relapse. It is difficult, indeed, for Macy to now complain of the very conditions to which he consented.

Accordingly, I specially concur in the majority opinion.