**In re STANDARD FINANCIAL MANAGEMENT CORP., d/b/a New England Rare Coin Galleries, Debtor.**

**Bankruptcy No. 87–10219–HL.**

United States Bankruptcy Court, D. Massachusetts.

April 22, 1987.

See also, Bkrtcy., 77 B.R. 324.

Joseph F. Ryan, Sp. Counsel by James E. McGuire, James Stoll, William R. Baldiga, Brown, Rudnick, Freed & Gesmer, Boston, Mass., for trustee.

R. Robert Popeo, Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., Boston, Mass., for Dana J. Willis.

Paul J. Lambert, Bingham, Dana & Gould, Boston, Mass., for Paul F. Taglione.

## MEMORANDUM ON THE FIFTH AMENDMENT

HAROLD LAVIEN, Bankruptcy Judge.

In this Chapter 11 bankruptcy proceeding, Special Counsel for debtor, Standard Financial Management Corp., alleges that unimmunized non-debtor witnesses, Dana J. Willis ("Willis") and Paul F. Taglione ("Taglione") have waived their Fifth Amendment rights guaranteed under the United States Constitution with respect to testimony regarding aspects of their financial status, Bankruptcy Rule 2004 Examinations, and requests for production of documents. Willis is president, director, and sole stockholder of the debtor and Taglione was a former officer and shareholder, thereof.

This Chapter 11 case is a product of a civil action brought by the Federal Trade Commission ("FTC") against the debtor, Willis, and Taglione, alleging that the debt-

or and those persons had committed deceptive acts and practices relating to the sale of rare coins to consumers. At a hearing before the district court, Willis and Taglione were advised of their Fifth Amendment rights but elected not to assert those rights in response to a series of questions by Judge Wolf regarding their financial statements, assets, and financial affairs. Both produced a personal financial statement and testified as to the veracity of their statements, stating that they were unaware of any assets not reflected on them. None of their testimony was of an incriminating nature and, in fact, was exculpatory.

Special Counsel, in keeping with Bankruptcy Rule 2004, moved to examine Willis and Taglione and to have them produce a variety of corporate and individual documents calculated to reveal any assets that might conceivably be diverted from the debtor and which are now possibly under the control of Willis and Taglione, although, in the names of parents, children, other relatives or entities. The bankruptcy court entered an order requiring Willis and Taglione to appear at the Rule 2004 examination and bring the requested documents. As part of this order, both were allowed an opportunity to object to any of the requests of Special Counsel and an opportunity to have their objections heard by the Court before the examination or production. They each filed written objections that raised First, Fifth and Ninth Amendment objections, among others, but agreed to produce the corporate documents and at least some of the personal documents.

At the hearing before this Court, counsel for Willis and Taglione agreed that their clients would submit to examinations under Bankruptcy Rule 2004 and produce certain documents in connection therewith, while insisting on a Fifth Amendment privilege, as to at least some of the personal documents. Subsequently, each invoked the Fifth Amendment at the Rule 2004 examinations, and no personal documents have been disclosed pursuant to Fifth Amendment privileges.

■ The Fifth Amendment provides absolute protection against any compelled incriminatory testimony. *Kastigar v.* *United States*, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972). This privilege may be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory, including bankruptcy proceedings. *Id.* at 444–445, 92 S.Ct. at 1656. The Fifth Amendment protection against self-incrimination is a fundamental constitutional right that must be rigorously protected. Courts must exercise every reasonable presumption against finding that this constitutional protection has been waived. *Emspak v. United States*, 349 U.S. 190, 75 S.Ct. 687, 99 L.Ed. 997 (1955).

■ It is well settled law that where a witness voluntarily reveals incriminating facts, he waives his privilege with respect to those facts and the details thereof. *Rogers v. United States*, 340 U.S. 367, 71 S.Ct. 438, 95 L.Ed. 344 (1951). In determining a waiver, the courts adopt a two-step process. First, there must be some incriminating testimony or documents. Secondly, the additional questions requested must not subject the witness to further criminal jeopardy. *Rogers v. United States, supra.*

■ Here, the testimony before the district court was, in and of itself, not incriminating and, in fact, was just the opposite. If, in answer to the court's question, either Willis or Taglione had answered, for example, "no, the statement doesn't include all of the assets I control", that might be such a first step incriminating statement opening the door to further inquiry. The possibility that Willis' and/or Taglione's testimony before Judge Wolf may prove to be false and open either of them up for a charge of perjury, is a collateral matter. The financial statement and its oral verification are not in and of themselves a direct step to incriminating testimony.

The Supreme Court, long ago, established that turning over one's financial statement to a trustee in bankruptcy in no way waives the witness' right to invoke the Fifth Amendment in response to questioning by the trustee. *McCarthy v. Arndstein*, 262 U.S. 355, 43 S.Ct. 562, 67 L.Ed. 1023 (1923). It was reasoned in *Arndstein* that where financial schedules do not amount to an admission of guilt or furnish clear proof of crime, they do not constitute a waiver of one's Fifth Amendment right to

stop short whenever one could fairly claim that to answer might tend to incriminate.

As to the proceeding in the bankruptcy court, waiver can only be found where a witness has provided incriminatory testimony or·has produced personal documents. *Matter of Bon Voyage Travel Agency, Inc.*, 449 F.Supp. 250 (N.D.Ill.1978) (bankrupt's agreement to bring subpoenaed documents to court did not later preclude him from refusing to disclose those documents in court by invoking his Fifth Amendment privileges); *In re Bryan*, 645 F.2d 331 (5th Cir.1981) (witness' plea agreement to testify truthfully and completely before grand jury did not preclude him from invoking the Fifth Amendment during such testimony). Although the court might find that counsel reneged on the agreement to produce, in fact, Willis and Taglione have neither provided incriminating testimony nor produced personal documents prior to claiming the Fifth Amendment. Their Fifth Amendment rights in this proceeding remain intact and any further determinations will await counsel's pursuing specific questions and claims of privilege.

See also, Bkrtcy., 52 B.R. 907.