582 N.E.2d 1265 (1991)
221 Ill. App.3d 868
164 Ill.Dec. 321
The PEOPLE of the State of Illinois, Respondent-Appellee,
v.
Rene MENDEZ, Petitioner-Appellant.
No. 1-89-2620.
Appellate Court of Illinois, First District, Second Division.
November 5, 1991.
*1267 Daniel J. Stohr, Chicago, for petitioner-appellant.
Jack O'Malley, State's Atty., Cook County, Chicago (Renee Goldfarb, James E. Fitzgerald, and Margaret M. Regan, of counsel), for respondent-appellee.
*1266 Justice HARTMAN delivered the opinion of the court:
Petitioner, Rene Mendez, was convicted by a jury of murder and attempted murder (Ill.Rev.Stat.1983, ch. 38, pars. 9-1(a), 8-4(a)) and sentenced to concurrent terms of 35 and 15 years in custody of the Department of Corrections. His conviction was affirmed on January 14, 1986, in an unpublished Rule 23 Order. (See People v. Trinidad (1st Dist.1986), 138 Ill.App.3d 1162, 104 Ill.Dec. 378, 502 N.E.2d 875 (unpublished order under Supreme Court Rule 23)[1].) On July 23, 1987, he filed a petition pursuant to the Post-Conviction Hearing Act (Ill.Rev.Stat.1985, ch. 38, par. 122-1 et seq.), which sought an evidentiary hearing. The circuit court dismissed the petition, concluding that there was insufficient evidence to warrant an evidentiary hearing. This appeal followed. Petitioner argues here that (1) his trial and appellate counsel provided ineffective assistance; (2) he was denied a fair trial due to the admission of evidence of his gang affiliation; and (3) he was prejudiced by an improper instruction for attempted murder.
The evidence adduced at trial revealed that on October 21, 1983, shortly after 10 p.m., several men were gathered on South Hermitage in Chicago when a car sped around a corner and proceeded toward them. As the car approached, one of the group shouted "Souls." Shots were fired from inside the car, killing one man and wounding another, and the car drove away.
Four members of the group testified at trial. Two of them, Daniel Gomez and Mario Garcia, gave eyewitness accounts of the incident, having seen the car and the shooters; they identified petitioner in court, and had previously identified him from both a photographic array and a lineup. The other two occurrence witnesses substantially corroborated the testimony regarding the shots fired from the passing car.
Chicago Police Detective Wayne Drish testified that codefendant, Henry Trinidad, made a post-arrest statement in which he explained that earlier on October 21, 1983, he and Ricardo Rodriguez (Kiki) were in a car when a man on the street flashed a gang sign at them. The man ultimately shot at the car, wounding Kiki. Chicago Police Detective David Jarmusz, a gang crimes specialist, testified over objection that two rival gangs, the Latin Souls and the Latin Saints, existed in the area of the shooting. Petitioner and Kiki were both members of the Latin Souls. The individuals in the group fired upon belonged to an organization known as the "D-Boys."
The issue raised in this appeal is whether the circuit court erred in dismissing petitioner's post-conviction petition without an evidentiary hearing.
A post-conviction proceeding is not an appeal per se, but a collateral attack upon a final judgment, the scope of which is limited to issues which have not been, and could not have been, previously adjudicated. (People v. Owens (1989), 129 Ill.2d *1268 303, 307-08, 135 Ill.Dec. 780, 544 N.E.2d 276.) To secure an evidentiary hearing, petitioner must make a substantial showing that his constitutional rights were violated and the record or accompanying affidavits support the allegations in the petition. (Owens, 129 Ill.2d at 308, 135 Ill.Dec. 780, 544 N.E.2d 276.) All well-pleaded facts in the petition and accompanying affidavits are to be taken as true. (People v. Caballero (1989), 126 Ill.2d 248, 259, 128 Ill. Dec. 1, 533 N.E.2d 1089.) Denial of an evidentiary hearing on a post-conviction petition will not be reversed absent an abuse of discretion. People v. Barr (1990), 200 Ill.App.3d 1077, 1081, 146 Ill.Dec. 815, 558 N.E.2d 778.

I.
Petitioner claims that he is entitled to a hearing because he was deprived of his right to effective assistance of counsel during his trial and direct appeal.
In a post-conviction proceeding, all issues actually decided on direct appeal are res judicata, and all those which could have been presented but were not are deemed waived. (People v. Stewart (1988), 123 Ill.2d 368, 372, 123 Ill.Dec. 927, 528 N.E.2d 631.) Petitioner's arguments regarding trial counsel's representation were matters of record which could have been raised on direct appeal. These issues, therefore, have been waived. See People v. Jones (1985), 109 Ill.2d 19, 24, 485 N.E.2d 363, 92 Ill.Dec. 552, 485 N.E.2d 363.
Petitioner argues, nevertheless, that his trial counsel's joint representation of him and codefendant Trinidad was prejudicial in that it constituted a conflict of interest.
Ineffective assistance of counsel is established by showing that counsel's performance fell below an objective standard of reasonableness, and that but for counsel's unprofessional errors, there is a reasonable probability that the result of the proceeding would have been different. (Strickland v. Washington (1984), 466 U.S. 668, 687-94, 104 S.Ct. 2052, 80 L.Ed.2d 674.) Joint representation of codefendants is not a per se violation of the right to effective assistance of counsel. (People v. Howard (1988), 166 Ill.App.3d 328, 332, 116 Ill.Dec. 767, 519 N.E.2d 982.) Generally, defendants who are jointly indicted are to be tried jointly unless a separate trial is necessary to avoid prejudice to one of them. (People v. Olinger (1986), 112 Ill.2d 324, 345, 97 Ill.Dec. 772, 493 N.E.2d 579.) Prejudice occurs in two recognized situations: first, when a hearsay admission of a codefendant implicates the other defendant, and second, when codefendants' defenses are so antagonistic that a severance is necessary to assure a fair trial. Olinger, 112 Ill.2d at 345-46, 97 Ill.Dec. 772, 493 N.E.2d 579; People v. Lee (1981), 87 Ill.2d 182, 187-88, 57 Ill.Dec. 563, 429 N.E.2d 461.
Petitioner at bar has alleged neither of the traditional forms of prejudice. Neither petitioner nor Trinidad testified or accused each other of participation in the crime. Their defenses were each based upon the State's inability to establish their identification beyond a reasonable doubt. Petitioner makes only general allegations of prejudice and relies upon People v. Horton (1979), 73 Ill.App.3d 9, 29 Ill.Dec. 235, 391 N.E.2d 498. Horton did not involve joint representation of codefendants, but held that defendant was denied effective assistance of counsel because his trial counsel had acted previously as an assistant state's attorney in defendant's case. (Horton, 73 Ill.App.3d at 15, 29 Ill.Dec. 235, 391 N.E.2d 498.) Nor did United States ex rel. Tonaldi v. Elrod (7th Cir. 1983), 716 F.2d 431, hold that joint representation of codefendants is inconsistent with minimum standards of competent representation. That case reversed the district court's grant of habeas corpus relief, holding in part that the petitioner was aware of his attorney's possible conflict of interest, and knowingly and intelligently waived his right to counsel free from such conflict. Elrod, 716 F.2d at 437-39.
In this case, petitioner has not shown that an actual conflict of interest existed at trial. (See Howard, 166 Ill.App.3d at 333-35, 116 Ill.Dec. 767, 519 N.E.2d 982.) Further, neither petitioner nor Trinidad ever *1269 filed a motion for severance prior to trial. Even if not waived, therefore, petitioner's argument would fail because his defense counsel was not acting under a conflict of interest.
Petitioner's trial counsel was not ineffective for failing to locate and interview alibi witnesses. (See People v. Stepheny (1970), 46 Ill.2d 153, 158-59, 263 N.E.2d 83.) In such a case, petitioner must attach to his post-conviction petition affidavits showing the potential testimony of those witnesses and explaining its significance. (Barr, 200 Ill.App.3d at 1080, 146 Ill.Dec. 815, 558 N.E.2d 778.) Here, petitioner submitted his own affidavit, which attested to the truth of the contents of his petition. He also attached a copy of his amended answer to the State's motion for discovery, which stated that petitioner was with three named alibi witnesses at the time of the shooting. Without affidavits of the witnesses themselves, however, there is no evidence to support petitioner's allegations. (See Barr, 200 Ill.App.3d at 1080, 146 Ill.Dec. 815, 558 N.E.2d 778; People v. Smith (1985), 136 Ill.App.3d 300, 302, 91 Ill.Dec. 309, 483 N.E.2d 655.) Further, petitioner's counsel indicated that he was unable to locate any of the three witnesses. The conclusional statements in the petition, therefore, do not merit an evidentiary hearing.
Petitioner also argues that his trial counsel failed to contest evidence of his gang affiliation, object to an improper instruction for attempted murder, and suppress a prior statement made by petitioner. These arguments are meritless. The issues regarding petitioner's gang affiliation, as will be shown, are res judicata; even if they are not, the evidence adduced was properly admitted. The failure to object to the improper attempted murder instruction does not establish a reasonable probability that the result of petitioner's trial would have been different. Also, the decision to file a motion to suppress is a matter of trial tactics which seldom have any bearing on issues of incompetency of counsel. (People v. Purnell (1984), 126 Ill.App.3d 608, 624, 82 Ill.Dec. 87, 467 N.E.2d 1160.) Petitioner has not shown that such a motion would have been granted, nor that the outcome would have differed had it been granted. (See Purnell, 126 Ill.App.3d at 624, 82 Ill. Dec. 87, 467 N.E.2d 1160.) Finally, counsel's representation was not deficient at sentencing; he argued for the minimum sentence based upon petitioner's youth and status as a student. Even if we were to consider petitioner's arguments as not waived, he has failed to demonstrate ineffectiveness based on the totality of his trial counsel's representation.
Petitioner also contends that his appellate counsel was ineffective for failing to raise the aforementioned points on direct appeal. This issue is not waived, as the alleged appellate errors were not matters of record; petitioner's arguments, however, must fail. Not every conceivable trial issue must be raised on appeal, and appellate lawyers often limit their presentations accordingly. (People v. Ruiz (1989), 132 Ill.2d 1, 18, 138 Ill.Dec. 201, 547 N.E.2d 170.) It is not incompetence to refrain from raising an issue counsel believes to be without merit, unless his appraisal of the merits is clearly wrong. (People v. Adams (1987), 164 Ill.App.3d 742, 747, 115 Ill.Dec. 741, 518 N.E.2d 266, appeal denied (1988), 119 Ill.2d 560, 119 Ill.Dec. 388, 522 N.E.2d 1247.) In order to support a claim of incompetence of appellate counsel in a post-conviction proceeding, petitioner must establish substantial prejudice which likely affected the outcome of his case. (Adams, 164 Ill.App.3d at 747, 115 Ill.Dec. 741, 518 N.E.2d 266.) On direct appeal, counsel argued that the admission of gang evidence was improper, and petitioner and Trinidad were not proved guilty beyond a reasonable doubt. The issues which petitioner argues should have been raised are without merit, and the failure to present them did not result in substantial prejudice. Appellate counsel was not ineffective.

II.
Petitioner next argues that he was prejudiced by the admission of evidence of his gang affiliation.
*1270 On direct appeal, it was held that evidence of petitioner's gang affiliation, although prejudicial, was relevant to establish a motive for the shooting, and, therefore, admissible. (See People v. Trinidad (1st Dist.1986), 138 Ill.App.3d 1162, 104 Ill. Dec. 378, 502 N.E.2d 875 (unpublished order under Supreme Court Rule 23).) Petitioner now presents several arguments as to why the evidence of his gang involvement was prejudicial. These issues, however, are res judicata, since the admissibility of the gang evidence was decided on direct appeal. Although petitioner did not raise the exact contentions in his prior appeal, he "cannot obtain relief under the Post-Conviction Hearing Act by `rephrasing previously addressed issues in constitutional terms' in his petition." People v. Silagy (1987), 116 Ill.2d 357, 371, 107 Ill. Dec. 677, 507 N.E.2d 830, quoting People v. Gaines (1984), 105 Ill.2d 79, 90, 85 Ill.Dec. 269, 473 N.E.2d 868.
Were we to consider these arguments, they would fail on their merits. He first claims that the testimony of Detective Jarmusz constituted expert testimony, which was admitted without a proper foundation. Jarmusz identified himself as a "gang crime specialist" with three years of experience in the Gang Crimes South Unit. He testified that he was familiar with the gangs within his district. Two rival gangs existed in the area of the shooting; petitioner was a member of one of them. Jarmusz's testimony was based upon his personal knowledge of the area in which the drive-by shooting occurred and his experience with various gangs. His testimony was properly admitted. See People v. Buchanan (1991), 211 Ill.App.3d 305, 318-21, 155 Ill.Dec. 831, 570 N.E.2d 344; People v. Calderon (1981), 98 Ill.App.3d 657, 661, 53 Ill.Dec. 880, 424 N.E.2d 671.
Petitioner next contends that his statement to Jarmusz regarding his gang affiliation was admitted improperly for want of foundation. Petitioner's statement, however, was made in March 1983, approximately seven months prior to the shooting, apparently in connection with an unrelated incident. There is no indication in the record that petitioner was in police custody when he made this statement. Petitioner's argument, therefore, is misplaced, and the statement was properly allowed. See Buchanan, 211 Ill.App.3d at 320-21, 155 Ill.Dec. 831, 570 N.E.2d 344.
Petitioner claims Trinidad's statement was admitted improperly because it was an extrajudicial statement by a codefendant being used against petitioner, and it lacked proper foundation, relying upon People v. Duncan (1988), 124 Ill.2d 400, 125 Ill.Dec. 265, 530 N.E.2d 423. There, testimony was admitted concerning statements made by the nontestifying codefendant. Defendant, whose first name was William, was implicated by a statement which referred to "Bill." The supreme court held admission of that statement improper because it was not redacted. References to defendant were not anonymous and, therefore, served to inculpate defendant. Duncan, 124 Ill.2d at 407-409, 125 Ill.Dec. 265, 530 N.E.2d 423.
People v. Harris (1990), 204 Ill.App.3d 491, 149 Ill.Dec. 665, 561 N.E.2d 1361, is more analogous to the case at bar. There, defendant contested the admission of an officer's testimony that a codefendant had made a confession. The testimony was held properly admitted because the text of codefendant's confession was never presented, the State did not use the confession as evidence against defendant, and the officer never explicitly stated that defendant was implicated by the confession. Defendant's conviction was based on his own confession and eyewitness testimony. Further, the absence of a limiting instruction was not error because the confession in no way prejudiced defendant. Harris, 204 Ill. App.3d at 497-98, 149 Ill.Dec. 665, 561 N.E.2d 1361.
Here, Jarmusz testified that after his arrest, Trinidad stated that prior to the drive-by shooting, he saw a man flash a gang sign and fire upon the car in which he and Kiki were riding. One shot struck Kiki. Trinidad never mentioned petitioner in his statement and did not implicate him in any way. The statement was not a confession of either petitioner's or Trinidad's *1271 participation in the drive-by shooting. Further, the State did not argue that Trinidad's statement was direct evidence of petitioner's guilt. Petitioner was convicted based on eyewitness testimony. The statement was presented in order to establish a motive for the drive-by shooting in this case. Under the State's theory, petitioner and Trinidad fired upon the group in retaliation for the shooting of their fellow gang member, Kiki. Although this evidence may be prejudicial to petitioner, it is relevant and admissible on that basis. See People v. Rivera (1986), 145 Ill.App.3d 609, 618, 99 Ill.Dec. 353, 495 N.E.2d 1088; People v. Deacon (1985), 130 Ill.App.3d 280, 291, 85 Ill.Dec. 549, 473 N.E.2d 1354.
Petitioner contests evidence of a prior altercation between him and an occurrence witness, Raphael Moreno. Daniel Gomez testified that several weeks prior to the shooting, petitioner had argued with Moreno, and Gomez had seen petitioner flash a gang sign representing "Souls." Gomez proffered this testimony in response to an inquiry of whether he had ever seen petitioner previous to the incident in question. Although the evidence may have been prejudicial, it was relevant to show petitioner's gang affiliation, which in turn established his intent or motive. See Buchanan, 211 Ill.App.3d at 321, 155 Ill.Dec. 831, 570 N.E.2d 344.
Even if petitioner was not barred by res judicata, his arguments relating to the admission of gang evidence would not entitle him to an evidentiary hearing.

III.
Petitioner claims that the instructions given for attempted murder were improper and deprived him of due process. The relevant instructions defined attempted murder as taking a substantial step toward murder, and murder was defined as causing death with the intent to kill or do great bodily harm.
Attempted murder requires proof of petitioner's specific intent to kill the victim. (People v. Harris (1978), 72 Ill.2d 16, 27, 17 Ill.Dec. 838, 377 N.E.2d 28.)
An instruction which provides for a conviction of attempted murder based on intent to do great bodily harm is reversible error. (See, e.g., Harris, 72 Ill.2d at 27-28, 17 Ill.Dec. 838, 377 N.E.2d 28.) The giving of a defective instruction, however, does not constitute the denial of a constitutional right cognizable under the Post-Conviction Hearing Act. (People v. Roberts (1979), 75 Ill.2d 1, 10, 25 Ill.Dec. 675, 387 N.E.2d 331.) Petitioner, therefore, may not assert this argument in support of his petition. Further, petitioner failed to object to this instruction at the instruction conference and at trial, and the matter was neither raised in his post-trial motion nor on direct appeal. He has waived consideration of this issue.
The waiver rule is relaxed, however, if the interests of justice require; this exception will be invoked to correct grave errors or where the evidence is so close that fundamental fairness requires proper jury instructions. (People v. Stevenson (1990), 198 Ill.App.3d 376, 382, 144 Ill.Dec. 555, 555 N.E.2d 1074.) The evidence in the present case was not closely balanced. Petitioner was positively identified by two eyewitnesses who saw him point a gun at a crowd of men and fire several shots. The two witnesses had previously seen petitioner and knew of his gang affiliation. One who fires a gun at or toward another with malice or total disregard for human life may be convicted of attempted murder. (People v. Starks (1989), 190 Ill.App.3d 503, 510, 137 Ill.Dec. 447, 546 N.E.2d 71.) Evidence of petitioner's intent to kill was clear, and any error committed was harmless. (See People v. Page (1987), 163 Ill. App.3d 959, 972, 115 Ill.Dec. 15, 516 N.E.2d 1371, appeal denied (1988), 119 Ill.2d 569, 119 Ill.Dec. 393, 522 N.E.2d 1252; People v. Cloyd (1987), 152 Ill.App.3d 50, 56, 105 Ill.Dec. 257, 504 N.E.2d 126.) The waiver rule, therefore, need not be relaxed in this case.
Petitioner has failed to make a substantial showing that his constitutional rights were violated at trial. The circuit court, therefore, did not abuse its discretion in *1272 denying him an evidentiary hearing on his petition.
Affirmed.
SCARIANO, P.J., and DiVITO, J., concur.
NOTES
[1] Petitioner's direct appeal, number X-XX-XXXX, was consolidated with the direct appeal of codefendant, Henry Trinidad.