THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES A. MARTIN, a/k/a James A. Burrage, Defendant-Appellant.

Third District   No. 79-482

Opinion filed April 4, 1980.

H. Karl Huntoon, of Churchill & Churchill, of Moline, for appellant.

Edward Keefe, State's Attorney, of Rock Island (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

On January 21, 1977, the defendant, James A. Martin, was charged by information with attempt murder and aggravated battery stemming from the shooting and beating of his stepfather. The defendant pleaded guilty to the attempt murder charge and the aggravated battery charge was dismissed. Following a presentencing investigation and a hearing in aggravation and mitigation, the defendant was sentenced to a term of 14 to 28 years' imprisonment.

The defendant filed a timely notice of appeal, raising the sole issue of whether the sentence imposed was excessive. This court affirmed the judgment and sentence. *People v. Martin* (1978), 58 Ill. App. 3d 915, 374 N.E.2d 1156.

On April 9, 1979, the defendant filed a petition for post-conviction relief alleging denial of constitutional due process, in that he was not properly admonished at the time he pleaded guilty, pursuant to Supreme Court Rule 402 (Ill. Rev. Stat. 1977, ch. 110A, par. 402). His contention is that the court erred in not specifically informing him that he had the right to plead not guilty. (See Ill. Rev. Stat. 1977, ch. 110A, par. 402(a)(3).) The defendant asks for a hearing in order to show by extrinsic evidence that he did not understand that he had the right to plead not guilty. The People filed a motion to dismiss, contending that no hearing was required, as the record established substantial compliance with Rule 402. On June 12, 1979, the Circuit Court of Rock Island County granted the People's motion and dismissed the defendant's post-conviction petition without a hearing. The defendant appeals that dismissal.

■■■ The rule is well settled that when a direct appeal is taken from a conviction, all claims raised or which might have been raised in such an

appeal are rendered *res judicata* and cannot subsequently be relitigated in a post-conviction proceeding. If the trial court finds that the claims raised in a post-conviction petition are barred under this *res judicata* rule, a hearing need not be held on the petition. (*People v. Sprinkle* (1976), 39 Ill. App. 3d 740, 350 N.E.2d 536.) The error of which the defendant complains occurred prior to the defendant's first appeal. This error could and should have been raised in the defendant's direct appeal but was not. Therefore, under most circumstances, it must be considered as waived and cannot be raised in a post-conviction hearing. (*People v. Pannell* (1977), 44 Ill. App. 3d 885, 358 N.E.2d 1331.) A post-conviction proceeding is not intended to be a device whereby issues that could have been raised and considered in a direct appeal from a conviction can again be considered. *People v. Logan* (1978), 72 Ill. 2d 358, 381 N.E.2d 264.

This rule is subject to the limitation that claims not raised in the appeal, and thus waived, may be considered on collateral attack, if fundamental fairness requires relaxation of the *res judicata* rule. However, considerations of fundamental fairness did not require the court to overlook the waiver in the instant case.

Guilty pleas in this State are governed by Supreme Court Rule 402 (Ill. Rev. Stat. 1977, ch. 110A, par. 402), which states in relevant part:

"In hearings on pleas of guilty, there must be substantial compliance with the following:

(a) Admonitions to Defendant. The court shall not accept a plea of guilty without first, by addressing the defendant in open court, informing him of and determining that he understands the following:
* * *

(3) that the defendant has the right to plead not guilty
* * * "

The statute requires, by its terms, a *substantial* compliance with its directives regarding admonitions. While the record does not reveal any specific admonition by the trial judge to the defendant that he had a right to plead not guilty, the record does establish that the trial judge substantially complied with the requirements of Supreme Court Rule 402. He explained the nature of the offense charged and the possible sentence that could be imposed thereon. He further informed the defendant that he had the right to a speedy and public trial by jury or by the court alone, whichever he wanted. The judge explained that the State would have to prove the defendant guilty beyond a reasonable doubt if he chose to go to trial and that, at trial, the defendant had the right to the assistance of counsel at all stages. The trial judge told the defendant that he had the right to be confronted by witnesses against him and explained that this

meant he could see them, hear them, and have his attorney cross-examine them. The defendant was informed that he could obtain, through the court's subpoena power, any witness that he wanted, and that he could present evidence in his own behalf and defense, but that he did not have to testify against himself. The trial judge determined that no promises or threats had been made upon the defendant to induce him to plead guilty. Finally, the defense counsel informed the trial judge that he had fully discussed with the defendant his rights, defenses and consequences of a guilty plea.

■ Although it is constitutionally required that the record show that the defendant entered a plea of guilty knowingly and voluntarily (*Boykin v. Alabama* (1969), 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709), there is no constitutional requirement that the record show that the defendant be admonished as to every right which is waived by a plea of guilty. (*People v. Morlan* (1974), 23 Ill. App. 3d 1038, 321 N.E.2d 132.) Rather, by its express terms, Supreme Court Rule 402 requires only substantial, not literal, compliance. (*People v. Warship* (1974), 59 Ill. 2d 125, 319 N.E.2d 507; *People v. Krantz* (1974), 58 Ill. 2d 187, 317 N.E.2d 559.) As the record in this case clearly indicates, the trial court substantially complied with the requirements of Supreme Court Rule 402.

Nor do we find error in the court's decision to deny the defendant an opportunity to present extrinsic evidence, consisting largely of self-serving statements that he did not understand his right to plead not guilty, when the record shows considerable evidence to the contrary. The defendant has failed to demonstrate that fundamental fairness requires a relaxation of the waiver rule in this case.

Therefore, the judgment of the Circuit Court of Rock Island County, dismissing the defendant's post-conviction petition without hearing, is affirmed.

Affirmed.

STOUDER and SCOTT, JJ., concur.