THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. EDMOND L. SMITH, Petitioner-Appellant.

Third District   No. 3—84—0641

Opinion filed September 16, 1985.

Daniel D. Yuhas and Deborah L. Rose, both of State Appellate Defender's Office, of Springfield, for appellant.

Larry Vandersnick, State's Attorney, of Cambridge (John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE WOMBACHER delivered the opinion of the court:

The petitioner, Edmond L. Smith, appeals from the dismissal of his petition for post-conviction relief. The petition was based on the allegation of ineffective assistance of counsel. The petitioner contends on appeal that dismissal was improper because the issues contained in the petition could not have been raised on direct appeal. We affirm.

Following a bench trial, the petitioner was convicted of rape and indecent liberties with a child on January 13, 1976. The petitioner was sentenced to imprisonment for a term of 50 to 150 years. On appeal, this court vacated the indecent liberties conviction because both offenses were based on the same act. (*People v. Smith* (1976), 44 Ill. App. 3d 663, 358 N.E.2d 736.) Upon remandment, the trial court imposed the same term of imprisonment, and on December 12, 1978, we affirmed this sentence.

The petitioner filed for post-conviction relief on July 22, 1982, at which time counsel was appointed on his behalf. In an amended peti-

tion filed on June 14, 1984, the petitioner contended that he was denied his constitutional right to effective assistance of counsel. In support of the allegation of incompetency, the petitioner stated that his trial counsel failed to present his alibi defense and failed to object when the prosecutor recommended a longer sentence than the one agreed upon in an alleged sentencing agreement. The State's agreement to limit its sentencing recommendation was allegedly obtained in exchange for the petitioner's waiver of jury trial.

The State filed a motion to dismiss the petition, arguing that the issues were waived because they could have been raised on direct appeal. The trial court granted the motion to dismiss the petition without an evidentiary hearing. A motion to reconsider the dismissal was denied. The petitioner brought the instant appeal.

■■ The basic issue on appeal is whether the petitioner was entitled to an evidentiary hearing. The petitioner initially contends that his right to effective assistance of counsel was violated when his trial counsel failed to present an alibi defense. According to the petitioner, he was with his wife in Peoria at the time of the offense. The petitioner acknowledges that his trial counsel did not call his wife to testify because she would be considered a biased witness.

In order to obtain a hearing under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1983, ch. 38, par. 122—1 *et seq.*), a petitioner must make a substantial showing that his constitutional rights have been violated. The burden is on the petitioner to set forth the violations and support the allegations by affidavits, records, or other evidence containing specific facts. (*People v. Graham* (1977), 48 Ill. App. 3d 689, 363 N.E.2d 124.) Mere conclusory allegations that constitutional rights have been violated are insufficient to entitle the petitioner to an evidentiary hearing. *People v. Hysell* (1971), 48 Ill. 2d 522, 272 N.E.2d 38.

In assessing the sufficiency of the allegations, the trial court is to also consider the petition in the light of the entire record. If the allegations and supporting documents were true and would establish a constitutional violation, the trial court must hold a hearing to determine the actual facts. *People v. Edmonds* (1979), 79 Ill. App. 3d 33, 398 N.E.2d 230.

In the case before us, the petitioner's alleged alibi defense did not merit an evidentiary hearing. The petition itself does not contain the necessary affidavits showing the potential testimony of the alibi witnesses. As a result, there was no evidence of any kind to support the petitioner's allegations. The conclusionary statements of the petition were thus insufficient to require an evidentiary hearing.

The insufficiency of the petitioner's allegations is also supported by the record. As the petitioner concedes, the exclusion of his wife's testimony at trial was based on a tactical judgment that she would be considered a biased witness whose testimony would be of little value. To establish ineffective assistance of counsel, a defendant must demonstrate actual incompetence which results in substantial prejudice and without which the outcome would probably have been different. (*People v. Carmickle* (1981), 97 Ill. App. 3d 917, 424 N.E.2d 78.) Allegations of incompetency must be founded on more than the client's disagreement with counsel's choice of trial tactics or judgment. *People v. McGinnis* (1977), 51 Ill. App. 3d 273, 366 N.E.2d 969.

The petitioner in the case at bar was adequately represented by trial counsel. The record contains numerous objections by defense counsel and illustrates counsel's vigorous cross-examination of the prosecution's witnesses. Moreover, we do not believe that the omission of the wife's testimony prejudiced the petitioner or affected the outcome. At trial, both the 14-year-old victim and her mother positively identified the petitioner as the intruder who broke into their home and assaulted them. The record clearly shows that the petitioner's guilt was proved beyond a reasonable doubt, and the reliability of the identification testimony was undisputed. Consequently, the alleged failure to call the petitioner's wife as a witness did not indicate in any way that counsel rendered ineffective assistance.

We find, therefore, that the trial court properly dismissed the post-conviction petition as to the alleged alibi defense. The allegations were not supported by the record and no evidentiary hearing was thus required.

■ The petitioner's claim of ineffective assistance is also based on counsel's alleged failure to object when the State recommended a longer sentence than the one agreed upon before trial. According to the petitioner, the State promised to limit its sentencing recommendation to 15 to 45 years if the petitioner waived a jury trial. In support of his claim, the petitioner relies on *People v. Starks* (1985), 106 Ill. 2d 441, 478 N.E.2d 350, wherein the court held that the prosecution must honor the terms of agreements it makes with defendants.

As stated previously, in determining actual incompetency of trial counsel, the petition must set forth sufficient facts to show that counsel's failure to object resulted in substantial prejudice without which the outcome would have been different. The instant petition contained no evidence in support of the alleged agreement. The record shows that the petitioner made a voluntary waiver of jury trial. The record also fails to substantiate the existence of any such pretrial agreement.

We note further that at the sentencing hearing, trial counsel presented an effective and cogent argument for the imposition of a lesser sentence. The record indicates, moreover, that the trial court based the sentence of imprisonment primarily on the petitioner's extensive criminal history.

The petitioner's reliance on *Starks* is misplaced. In that case, there was an alleged pretrial agreement concerning the dismissal of charges if the defendant passed a polygraph test. The record in *Starks* contained substantial evidence that such an agreement may have existed. The *Starks* record also included two affidavits to that effect from the defendant's attorneys. In the case at bar, only the unsubstantiated hearsay affidavit of the petitioner was submitted at the hearing on the petition. The court in *Starks* stated that credence should not be given to hearsay affidavits absent other evidence. We thus conclude that the court's holding in *Starks* is inapplicable to the instant facts.

Based on the record before us, we find that the petitioner was not entitled to an evidentiary hearing on this alleged instance of incompetency. Even if counsel's failure to object constituted actual error, we cannot conclude that the imposed sentence would probably have been different had an objection been made. We note further that if alleged offers are changed later by the State, it does not necessarily follow that the defense counsel was ineffective. The trial court's dismissal of the petition was, therefore, proper based on this alleged claim of ineffective assistance.

■■ We note at this point that the petitioner also disputes the basis upon which the trial court dismissed the petition. The court found that the petitioner's allegations were barred by operation of the *res judicata* rule. The petitioner contends, however, that these allegations of incompetency could not have been raised on direct appeal because they were based on facts extrinsic to the record. We disagree.

It is well established that when a direct appeal is taken from a conviction, all claims raised or which might have been raised in the appeal are rendered *res judicata* and cannot be relitigated in a post-conviction proceeding. A claim, however, may be considered, even though waived, if fundamental fairness requires a relaxation of the *res judicata* rule. (*People v. Martin* (1980), 82 Ill. App. 3d 789, 403 N.E.2d 135.) Fundamental fairness does not require the relaxation of the waiver rule, though, where there is nothing in the record which would excuse the petitioner's failure to raise the present issues either in the trial court or on appeal. *People v. Stewart* (1978), 66 Ill. App. 3d 342, 383 N.E.2d 1179.

There is nothing in the record before this court that would invoke the relaxation of the waiver rule. We note that different counsel represented the petitioner on his direct appeals. The petitioner gives no reason or explanation for his failure to raise the instant issues on direct appeal. There is no indication in the record that the petitioner ever disagreed with the presentation made by his appellate counsel or that he in any way attempted to raise the points now alleged in the post-conviction petition. The concept of fundamental fairness, therefore, does not require that the waiver rule be set aside in the case at bar. The trial court properly dismissed the petition on *res judicata* principles.

In accordance with the aforementioned reasons, the judgment of the circuit court of Henry County is affirmed.

Affirmed.

HEIPLE, P.J., and SCOTT, J., concur.