THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PAUL E. BARR, Defendant-Appellant.

Fifth District    No. 5—89—0155

Opinion filed August 3, 1990.

Daniel D. Yuhas, of State Appellate Defender's Office, of Springfield, for appellant.

Charles Grace, State's Attorney, of Murphysboro (Kenneth R. Boyle and Stephen E. Norris, both of State's Attorneys Appellate Prosecutor's Office, and Basil G. Greanias, of counsel), for the People.

JUSTICE RARICK delivered the opinion of the court:
Defendant, Paul E. Barr, was charged in the circuit court of Jackson County with residential burglary and misdemeanor theft. Fol-

lowing a bench trial, Barr was convicted and sentenced to 10 years' imprisonment on the burglary count and 364 days' imprisonment on the theft count, with the sentences to run concurrently, but consecutive to a sentence on an unrelated Federal charge. Barr appealed and this court affirmed. *People v. Barr* (1985), 137 Ill. App. 3d 1168, 499 N.E.2d 182 (unpublished order under Supreme Court Rule 23).

Barr subsequently filed a *pro se* petition for post-conviction relief alleging, *inter alia,* ineffective assistance of trial counsel. An amended petition for post-conviction relief was filed by appointed counsel, again alleging ineffective assistance of trial counsel. Specifically, the petition alleged that trial counsel failed to interview three alibi witnesses who could have corroborated Barr's alibi defense. Attached to the amended petition was an affidavit signed by Barr in which he stated that he had provided trial counsel with the names of the alibi witnesses.

The State moved to dismiss the amended petition, arguing that Barr's allegations were waived because they had not been raised in his appeal. The trial court granted the motion, and this appeal followed.

On appeal, Barr maintains that because the State did not rebut any of his evidence in support of his claim, he made a sufficient showing that his constitutional right to effective assistance of counsel was violated and was therefore entitled to an evidentiary hearing. In support of his claim that his trial attorney failed to interview or call key witnesses to corroborate his alibi defense, he attached to his petition an affidavit in which he identified the witnesses, detailed how he had informed trial counsel of their whereabouts and indicated their importance to his case.

Barr argues that the trial court erred in failing to order an evidentiary hearing on his post-conviction petition. He maintains that because the evidence in support of his allegations was uncontradicted, he made a substantial showing that his constitutional right to effective assistance of counsel was violated and so was entitled to a hearing. Barr further argues that while he did not raise this issue in his previous appeal, it was not waived for purposes of the post-conviction proceedings because it involved a review of facts not contained in the record.

■■ ■ Addressing the waiver argument, it is well established that affirmance of a conviction on direct appeal acts as *res judicata* for purposes of a subsequent post-conviction proceeding concerning all issues actually raised or which could have been raised in the appeal. (*People v. Montgomery* (1986), 141 Ill. App. 3d 428, 490 N.E.2d 206.) Where, however, a post-conviction petition alleges ineffective assistance of trial counsel due to a failure to call certain witnesses, whose testimony the substance of which does not appear of record, *res judicata* does

not apply and it cannot be contended that the issue should have been raised on direct appeal. (*People v. Edmonds* (1979), 79 Ill. App. 3d 33, 398 N.E.2d 230.) Since the allegations contained in defendant's post-conviction petition do not appear of record, there is no waiver because of his failure to raise the issue in the prior appeal. Nevertheless, we affirm the decision of the trial court.

██ Section 122—2 of the Post-Conviction Hearing Act (Ill. Rev. Stat. 1987, ch. 38, par. 122—1 *et seq.*) provides that a petition for post-conviction relief shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached. (Ill. Rev. Stat. 1987, ch. 38, par. 122—2.) To merit an evidentiary hearing, the petition must make a substantial showing that the petitioner's constitutional rights have been violated and such showing must be based on factual allegations, not conclusory statements. (*People v. Hysell* (1971), 48 Ill. 2d 522, 272 N.E.2d 38; *People v. Pittman* (1989), 192 Ill. App. 3d 943, 549 N.E.2d 742; *People v. Cox* (1985), 136 Ill. App. 3d 623, 483 N.E.2d 422.) It is the petitioner's burden to support the allegations by affidavits, records, or other evidence containing specific facts. (*People v. Graham* (1977), 48 Ill. App. 3d 689, 363 N.E.2d 124.) When a defendant attacks competency of counsel for failing to call or contact certain witnesses, he must attach to his post-conviction petition affidavits showing the potential testimony of such witnesses and explain the significance of their testimony. (*People v. Carmickle* (1981), 97 Ill. App. 3d 917, 920, 424 N.E.2d 78, 80; see also *Montgomery*, 141 Ill. App. 3d at 432, 490 N.E.2d at 208.) Attached to Barr's post-conviction petition was his affidavit, which alleged that he was in the company of the witnesses in question when the burglary occurred, but not the affidavits of the witnesses themselves. Without these affidavits, there is no evidence to support the petitioner's allegations and the post-conviction petition did not merit an evidentiary hearing. *People v. Smith* (1985), 136 Ill. App. 3d 300, 483 N.E.2d 655.

██ █ Apart from questions involving the legal sufficiency of defendant's amended petition, our review of the record also supports the trial court's dismissal of the petition without an evidentiary hearing. (*People v. Jones* (1977), 66 Ill. 2d 152, 361 N.E.2d 1104; *People v. Dixon* (1987), 160 Ill. App. 3d 65, 513 N.E.2d 134.) At trial, a special agent of the Illinois Department of Law Enforcement, Division of Criminal Investigation (DCI) testified that while working in an undercover capacity he met with Barr at defendant's residence in a housing project at which time defendant offered to sell the agent stereo equipment which defendant was going to take from another apartment in the housing project. The agent further testified defendant instructed

him to return in approximately 30 minutes. When the agent returned as instructed, he met with defendant and another person and purchased the equipment from defendant, who told the DCI agent he had taken the property from another apartment in the project and described the manner of entry. The burglary of the other apartment was confirmed by the occupant of the apartment and her son and investigated by an officer of another police agency whose testimony as to manner of entry was consistent with that described by defendant to the undercover agent. The items sold by Barr to the DCI agent were identified by their owners as missing from the apartment. Testifying in his own defense, Barr agreed he had met with the agent on the day in question and further testified he sold the agent two grams of cocaine but denied any involvement in the burglary and denied selling any stereo equipment to the agent. In his testimony, defendant presented no alibi. Consequently, there was no alibi defense for defendant's alleged witnesses to corroborate. Had the alleged witnesses testified as alleged in defendant's petition, such testimony could only have served to contradict and impeach defendant's own testimony. Under such circumstances, it can hardly be said that failure to call the alleged alibi witnesses constituted ineffective assistance of counsel. Indeed, it could well be argued that trial counsel would have been incompetent had he called these witnesses as their testimony would have contradicted Barr's and all but ensured his conviction. Even assuming the legal sufficiency of Barr's post-conviction petition, it would not have entitled him to an evidentiary hearing. Claims of ineffective assistance of counsel reach constitutional dimension only if such representation probably affected the outcome of the trial, and it is the defendant's burden to so demonstrate. (*People v. Hanrahan* (1985), 132 Ill. App. 3d 640, 478 N.E.2d 31.) Given that any alibi testimony would have contradicted Barr's testimony at trial, such could hardly be the case. We conclude, therefore, that Barr's allegations, even if true, do not sufficiently demonstrate a substantial deprivation of his right of effective assistance of counsel. Denial of an evidentiary hearing on a post-conviction petition will not be reversed absent an abuse of discretion (*People v. Adams* (1987), 164 Ill. App. 3d 742, 518 N.E.2d 266) and no such abuse occurred here.

The order of the circuit court of Jackson County is affirmed.

Affirmed.

WELCH and GOLDENHERSH, JJ., concur.