THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. RONALD BROWN, Petitioner-Appellant.

First District (4th Division)   No. 1—88—0623

Opinion filed May 16, 1991.

Randolph N. Stone, Public Defender, of Chicago (James S. Jacobs, Assistant Public Defender, of counsel), for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Renee Goldfarb, Kenneth McCurry, and Judith Hannah, Assistant State's Attorneys, of counsel), for the People.

JUSTICE LINN delivered the opinion of the court:

Petitioner Ronald Brown appeals from an order of the circuit court of Cook County dismissing his amended petition for post-conviction relief. On appeal, petitioner contends that it was error to dismiss his amended petition without an evidentiary hearing when that petition set forth factual allegations establishing that he was denied the effective assistance of counsel at trial and on direct appeal.

In 1978 petitioner was convicted of the murder, armed robbery and aggravated kidnapping of Charles McGee. He received concurrent terms of 80 years, 30 years and 15 years for those respective crimes. At trial the State's evidence established that Charles McGee was found shot to death in an alley on the southwest side of Chicago. Petitioner was seen driving the victim's car the same day. The murder weapon, a .22 caliber revolver, was recovered from petitioner's home along with three tires and a CB radio from the car. A watch belonging to the victim was recovered from the petitioner, and petitioner's fingerprints were found on the victim's car. In statements to the police and a prosecutor, petitioner admitted that he and Andre Walker had robbed the victim, who was then shot by Walker. Police questioned Walker but did not charge him. The sole issue raised in petitioner's direct appeal concerned the propriety of his extended-term sentence. This court affirmed petitioner's convictions in an unpublished order pursuant to Supreme Court Rule 23 (134 Ill. 2d R. 23). *People v. Brown* (1981), 101 Ill. App. 3d 1195, 432 N.E.2d 395.

■■ ■ Petitioner filed a *pro se* petition for post-conviction relief on March 23, 1987. Appointed counsel then filed an amended petition. In his amended petition, petitioner contended, *inter alia*, that his trial counsel should have moved to quash the search warrant which yielded the murder weapon and other incriminating evidence. Petitioner asserts that the warrant was based upon the bad-faith misrepresentation that a sawed-off shotgun located in defendant's home was the murder weapon, when police knew that the victim was killed with a small-caliber weapon. But in the affidavit contained in the complaint for search warrant, Investigator McGuire stated that he had been informed by Eric Smith that tires removed from the victim's car could be found in petitioner's garage. McGuire also stated that Smith told him that petitioner had a ".410 sawed off shotgun" in his home. McGuire did not state that the shotgun had been used in the murder. However, in the body of the complaint the shotgun was included in a list of items to be seized "which have been used in the commission of, or which constitute evidence of the offense of murder." This quoted language was preprinted on the form except for the type of offense, which was typed in. Identical preprinted language was used on the search warrant itself, again with the offense of murder typed in. Thus the search warrant also referred to the shotgun as having been used in the murder or constituting evidence of it. We are not persuaded that these apparent clerical errors could reasonably be construed as evidence of misrepresentation by Investigator McGuire where his affidavit did not claim that the shotgun related to the murder. Mere possession of a sawed-off shotgun is itself a crime. (Ill. Rev. Stat. 1989, ch. 38, par. 24—1.) Therefore, there was no need to establish that this weapon related to the murder. Accordingly, we find no merit to petitioner's contention that his trial counsel was ineffective in failing to raise this issue prior to trial.

■■ Petitioner also contends that because he was arrested in his home without an arrest warrant his trial counsel should have moved to quash that arrest and suppress the statements he subsequently made. Even assuming that petitioner's arrest could have been quashed, his statements were made after he was taken from his home and, therefore, they were not subject to suppression on this ground. (*New York v. Harris* (1990), 495 U.S. 14, 109 L. Ed. 2d 13, 110 S. Ct. 1640; *People v. Beasley* (1990), 206 Ill. App. 3d 112, 563 N.E.2d 1113.) Accordingly, the trial court did not err in rejecting this contention in petitioner's amended petition.

■■ Petitioner also contends that his trial counsel was ineffective because he did not attempt to call Andre Walker as a witness at

petitioner's capital sentencing hearing. It was petitioner's burden to support this allegation with affidavits setting out the potential testimony of this witness. (*People v. Barr* (1990), 200 Ill. App. 3d 1077, 558 N.E.2d 778.) Petitioner failed to do this. In his brief on appeal he contends only that Walker's testimony "in some way" may have decreased petitioner's culpability. In fact, the trial court declined to impose the death penalty on petitioner because of the possibility that Walker was the actual shooter, as petitioner had claimed in his statements. Had Walker testified and denied any involvement or named petitioner as the shooter, petitioner could have been sentenced to death. In any event, petitioner has presented no factual allegation supporting the conclusion that Walker's testimony would have been helpful to him and, therefore, he was not entitled to an evidentiary hearing on this ground. *People v. Smith* (1985), 136 Ill. App. 3d 300, 483 N.E.2d 655.

Petitioner's remaining contention concerning the ineffectiveness of his appellate counsel on direct appeal is based upon counsel's failure to raise the contentions that we have already found to be without merit. Accordingly, we find no abuse of discretion in the denial of an evidentiary hearing on petitioner's amended post-conviction petition.

The order of the circuit court is affirmed.

Affirmed.

JOHNSON and McMORROW, JJ., concur.