THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EVELYN DEAN, Defendant-Appellant.

First District (5th Division)   No. 1—90—3630

Opinion filed March 6, 1992.

Randolph N. Stone, Public Defender, of Chicago (Robert D. Glick, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Brian Clauss, and Margaret J. Faustmann, Assistant State's Attorneys, of counsel), for the People.

JUSTICE GORDON delivered the opinion of the court:

Defendant Evelyn Dean was convicted of armed robbery and murder and was sentenced to concurrent prison terms of 10 and 20 years, respectively. She appeals from the subsequent denial of her *pro se* petition for post-conviction relief, contending on appeal that it was error to summarily dismiss the petition without appointment of counsel.

In May 1982 defendant and a codefendant, Charles Ferrell, were convicted of murder and armed robbery. On July 13, 1984, in a Rule 23 order, this court affirmed the convictions. *People v. Dean* (1st Dist. 1984), Nos. 82—1495, 82—1496 cons. (unpublished order under Supreme Court Rule 23).

On September 24, 1990, defendant filed a *pro se* petition for post-conviction relief. An accompanying motion requests an "order appointing counsel other than the public defenders [*sic*] office."

The petition alleges that defendant was deprived of the right to effective assistance of trial counsel due to counsel's failure to object to the State's use of peremptory challenges to exclude black persons from the jury; failure to file various motions, including a motion for speedy trial, a motion for discovery, a motion to quash arrest for failure to give *Miranda* warnings and no probable cause to arrest, and a motion for bail; "failure to call alibi witnesses to establish the whereabouts of [defendant] at the time the crime was committed"; failure to call two eyewitnesses, Beverley Thompson and Michael Shannon, to "present possible exculpatory evidence"; and a conflict of interest re-

sulting from counsel's representation of both defendant and a code-fendant. Defendant also alleged that she was deprived of her right to a grand jury indictment.

The petition attaches the July 1990 affidavits of three alibi witnesses, Jenell, Jim and Lydia Ferrell. All three affidavits state that the affiants would testify that "Charles Ferrell and Evelyn Dean was [sic] not at the location of 2708 West Roosevelt Rd., on November 26, 1980, at the Date and Time which they were accused," and that the affiants "repeatedly requested that [defense trial counsel] place me and other witnesses on the witness-stand in [sic] behalf of Charles Ferrell and Evelyn Dean." The affidavits conclude with the statement that defense trial counsel "ineffectively represented Charles Ferrell and Eveyln [sic] Dean."

On October 18, 1990, the trial court dismissed the petition. The record indicates that on December 21, 1990, the court appointed defense counsel for the appeal and ordered a free report of proceedings for defendant.

OPINION

Defendant contends that it was error to summarily dismiss the *pro se* petition without appointing counsel.

Under section 122—2.1 of the Code of Criminal Procedure of 1963 the court may summarily dismiss a *pro se* petition without appointment of counsel if the petition is "frivolous or is patently without merit." (Ill. Rev. Stat. 1989, ch. 38, par. 122—2.1.) It is within the trial court's discretion to deny an evidentiary hearing on a post-conviction petition, and that decision will not be reversed absent an abuse of discretion. *People v. Silagy* (1987), 116 Ill. 2d 357, 365, 507 N.E.2d 830; *People v. Cobb* (1986), 150 Ill. App. 3d 267, 270, 501 N.E.2d 699.

■ There is "no *per se* rule that new counsel must be appointed every time a defendant presents a *pro se* motion for a new trial alleging ineffective assistance of counsel." (*People v. Nitz* (1991), 143 Ill. 2d 82, 134, 572 N.E.2d 895.) To determine whether new counsel should be appointed, " 'the trial court should examine the factual matters underlying the defendant's claim[.] *** [I]f the claim lacks merit or pertains to matters of trial strategy, then no new counsel need be appointed ***.' " *People v. Nitz*, 143 Ill. 2d at 134, quoting *People v. Washington* (1989), 184 Ill. App. 3d 703, 711, 540 N.E.2d 1014.

■ Here, the trial court did not abuse its discretion in finding that the claims raised in the petition lacked merit or pertained to matters of trial strategy.

Defendant alleges that defense counsel failed to call three alibi witnesses. According to the affidavits of Jenell, Jim and Lydia Ferrell, defense counsel did speak with them, and thus there was an investigation of the possible alibi evidence. The only allegation, therefore, is that defense counsel chose not to call them as witnesses. (*Cf. People v. Wilson* (1986), 146 Ill. App. 3d 567, 499 N.E.2d 972 (failure to *investigate* alibi defense), *rev'd on other grounds* (1988), 121 Ill. 2d 585, 523 N.E.2d 549.) All three of the potential alibi witnesses may have been related to codefendant Charles Ferrell, and thus, their credibility may have carried little weight. Defense counsel's decision to not offer them as witnesses amounts to trial strategy. *People v. Ashford* (1988), 121 Ill. 2d 55, 520 N.E.2d 332; *People v. Dillard* (1990), 204 Ill. App. 3d 7, 561 N.E.2d 1219 (whether a failure to investigate or call witnesses is incompetence depends upon the value of the evidence).

Moreover, the affidavits only state that defendant was not at 2708 Roosevelt Road, the scene of the murder. There is no statement regarding whether the alibi witnesses would testify, consistent with Ferrell's testimony at trial, that he was at his mother's house with defendant. See *People v. Barr* (1990), 200 Ill. App. 3d 1077, 558 N.E.2d 778 (proposed alibi testimony would conflict with trial testimony).

Defendant also alleges in the petition that defense counsel was incompetent for having failed to call two eyewitnesses, Beverly Thompson and Michael Shannon, to "present possible exculpatory evidence." There are insufficient factual allegations, and no affidavits or record which tend to show who these witnesses were, or what they would testify regarding. When the defendant attacks the competency of his counsel for failing to call or contact witnesses, he must attach to his post-conviction petition affidavits showing the potential testimony of such witnesses and explain the significance of their testimony. *People v. Rial* (1991), 214 Ill. App. 3d 420, 423, 573 N.E.2d 842; *People v. Barr* (1990), 200 Ill. App. 3d 1077, 1080, 558 N.E.2d 778.

Defendant also raises allegations regarding peremptory challenges; motion for a speedy trial; motion for discovery; motion to quash arrest for failure to give *Miranda* warnings and for lack of probable cause to arrest; motion for bail; conflict of interest due to representation of codefendant; and right to a grand jury indictment. However, in regard to all of these allegations, defendant has failed to include any facts in the record to support them. See *People v. Rial*, 214 Ill. App. 3d 420, 573 N.E.2d 842 (allegations in post-conviction

petition are mere conclusions and unsupported by record citations, affidavits or other evidence).

In order to obtain an evidentiary hearing under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1989, ch. 38, par. 122–1 *et seq.*), a petitioner must make a substantial showing that his constitutional rights have been violated. (*People v. Barr*, 200 Ill. App. 3d at 1080.) The burden is on defendant to set forth violations of his constitutional rights and support the allegations by affidavits, records, or other evidence containing specific facts. (*People v. Barr*, 200 Ill. App. 3d 1077, 558 N.E.2d 778.) Mere conclusions are insufficient to entitle defendant to an evidentiary hearing. *People v. Hysell* (1971), 48 Ill. 2d 522, 272 N.E.2d 38; *People v. French* (1991), 210 Ill. App. 3d 681, 569 N.E.2d 934 (defendant fails to substantiate post-conviction petition's allegations with affidavits or citations to the record).

Moreover, many of these allegations could have been raised in the direct appeal, and thus, are waived for purposes of post-conviction petitions. (See *People v. Stewart* (1988), 123 Ill. 2d 368, 372, 528 N.E.2d 631; *People v. Montgomery* (1986), 141 Ill. App. 3d 428, 490 N.E.2d 206.) Notably, defendant did not allege in her post-conviction petition, nor does she argue before this court, that her appellate counsel was ineffective. See *People v. French*, 210 Ill. App. 3d at 689 (issue of ineffective assistance of appellate counsel waived where it was not contained in *pro se* post-conviction petition).

Notwithstanding the legal insufficiency of the petition's allegations, we find that defendant would not have been entitled to an evidentiary hearing because in order to establish ineffective assistance of counsel, defendant must show prejudice, *i.e.*, that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. (*Strickland v. Washington* (1984), 466 U.S. 668, 694-96, 80 L. Ed. 2d 674, 698-99, 104 S. Ct. 2052, 2068-69.) Defendant must overcome the presumption that the challenged action might be considered sound trial strategy. *People v. Nitz*, 143 Ill. 2d at 112, citing *Strickland v. Washington*, 466 U.S. at 689, 80 L. Ed. 2d at 694-95, 104 S. Ct. at 2065.

The evidence at trial included eyewitness testimony identifying defendant and Ferrell after viewing them at close range at the scene, in a well-lighted area. The eyewitness made a positive photographic identification of Ferrell and defendant, both of whom the eyewitness had known for several years. The jury found this evidence sufficient to find defendant guilty, and this court affirmed the conviction.

Thus, defendant has failed to show any prejudice since the result of the proceeding would have been no different, given the overwhelm-

ing evidence that defendant committed the crimes for which she was convicted. Thus, even if trial counsel had made an error in trial strategy, defendant has failed to show that the outcome of the trial would have been different. See *People v. Williams* (1991), 215 Ill. App. 3d 800, 576 N.E.2d 68; *People v. Barr*, 200 Ill. App. 3d at 1081.

We conclude that the trial court did not abuse its discretion in dismissing the post-conviction petition, without appointment of counsel, as being frivolous and without merit.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

McNULTY, P.J., and LORENZ, J., concur.