THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. DAVID ALLEN, Petitioner-Appellant.

First District (3rd Division) No. 1—91—0123

Opinion filed December 30, 1992.

Rita A. Fry, Public Defender, of Chicago (Beth I. Solomon, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Guy L. Miller, and Sandra Z. Nueschen, Assistant State's Attorneys, of counsel), for the People.

JUSTICE RIZZI delivered the opinion of the court:

Petitioner, David Allen, appeals from an order of the circuit court dismissing his petition for post-conviction relief brought pursuant to the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1989, ch. 38, par. 122—1 *et seq.*) Petitioner was convicted of one count of first degree murder (Ill. Rev. Stat. 1985, ch. 38, par. 9—1), two counts of attempted murder (Ill. Rev. Stat. 1985, ch. 38, pars. 8—4, 9—1) and one count of armed robbery (Ill. Rev. Stat. 1985, ch. 38, par. 18—2) in a jury trial and sentenced to an extended term of natural life imprisonment and three consecutive terms of 30 years' imprisonment. Direct appeal of petitioner's convictions was affirmed by this court on March

31, 1992. (See *People v. Allen* (1992), 228 Ill. App. 3d 149, 592 N.E.2d 447.) In the present case, petitioner filed a petition for post-conviction relief alleging, *inter alia*, that he did not receive effective assistance of counsel when his trial attorney failed to request and produce a fingerprint analysis. Within 30 days after the filing and docketing of the petition, the trial court dismissed the petition on the grounds that it was frivolous, without merit and lacking a constitutional issue. The sole issue on appeal is whether the trial court erred when it summarily dismissed petitioner's post-conviction petition. We affirm.

■ Any person imprisoned in the penitentiary may file a petition for post-conviction relief asserting that there was a substantial denial of his constitutional rights in the proceeding which resulted in his conviction. (Ill. Rev. Stat. 1989, ch. 38, par. 122—1.) In order to obtain an evidentiary hearing pursuant to a post-conviction petition, a petitioner must make a substantial showing, supported by affidavits, records or other evidence containing specific facts, that his constitutional rights have been violated. (*People v. Barr* (1990), 200 Ill. App. 3d 1077, 1080, 558 N.E.2d 778, 780.) Within 30 days after the filing and docketing of such petition, the trial court may dismiss the petition on the grounds that it is frivolous or patently without merit. (Ill. Rev. Stat. 1989, ch. 38, par. 122—2.1(a)(2).) The decision of the trial court to deny an evidentiary hearing on a post-conviction petition is discretionary, and that decision will not be disturbed on appeal absent an abuse of discretion. *People v. Dean* (1992), 226 Ill. App. 3d 465, 467, 589 N.E.2d 888, 890.

■ Petitioner argues that his petition contains sufficient factual allegations to support a meritorious constitutional claim. After reviewing the petition for post-conviction relief and the record of the case in its entirety, we find that the trial court did not abuse its discretion when it dismissed the petition as frivolous and without merit.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

TULLY and CERDA, JJ., concur.