THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. VLADIMIR MARSAN, Defendant-Appellant.

First District (3rd Division)   No. 1—92—3128

Opinion filed June 22, 1994.

Rita A. Fry, Public Defender, of Chicago (Mark Floyd Pasterski, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, James E. Fitzgerald and Steven L. Klawans, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE TULLY delivered the opinion of the court:

Defendant, Vladimir Marsan, appeals from an order of the circuit court of Cook County dismissing, without an evidentiary hearing, his petition for post-conviction relief. Defendant contests the propriety of the circuit court's decision, claiming that his petition alleged an unconstitutional *ex parte* communication between the judge and the jury which was sufficient to withstand a motion to dismiss and required an evidentiary hearing.

Defendant was convicted of possession with intent to deliver 900 grams or more of a substance containing cocaine in violation of section 401.1(b) of the Illinois Controlled Substances Act (hereinafter the Act) (Ill. Rev. Stat. 1987, ch. 56½, par. 1401.1(b) (now 720 ILCS 570/401.1(b) (West 1992))) and sentenced to serve a term of 20 years' imprisonment. In his direct appeal of the judgment of conviction, defendant contested the propriety of the sentencing determination and the constitutionality of an amendment to the Act which increased the penalty for possession of 900 or more grams of a controlled substance. This court found defendant's arguments wanting and affirmed the judgment entered by the trial court. *People v. Marsan* (1992), 238 Ill. App. 3d 470, 606 N.E.2d 344 (hereinafter *Marsan I*).

While *Marsan I* was pending, defendant sought relief under the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1991, ch. 38, par. 122—1 *et seq.* (now codified, as amended, as 725 ILCS 5/122—1 *et seq.* (West 1992)).) In his *pro se* petition defendant alleged that he had been denied a fair trial when the trial court responded to a note submitted by the jury during its deliberations without advising defendant or his attorney about this communication and in their absence. He also contends that he was denied the effective assistance of counsel at trial because his "experienced" trial counsel failed to preserve this issue for appeal in the post-trial motion. Defendant averred the content of his petition and filed a memorandum of law in support of it.

Counsel was appointed to represent defendant and filed a certificate in compliance with Supreme Court Rule 651(c). (134 Ill. 2d R. 651(c).) The State followed with a motion and supplemental motion to dismiss the petition, contending that defendant had waived any issue concerning the note and that he had not alleged sufficient facts concerning his counsel's incompetence to require an evidentiary hearing.

At the hearing on the State's motion to dismiss, the parties argued their respective positions and engaged in a colloquy with the trial court over the record. Defense counsel acknowledged that there was no specific showing in the record that the trial court had

conducted a hearing or had any contact with the jury outside the presence of defendant and his attorney. Given the state of the record, the circuit court determined that no substantial constitutional issue of ineffective assistance of counsel had been raised and sustained the State's motion to dismiss.

Defendant takes issue with that decision in this appeal claiming that an evidentiary hearing should have been held to determine if the trial court, in an unconstitutional *ex parte* communication, improperly held that it had no discretion to allow the jury to review the exculpatory portion of an expert witness' testimony.

■ The referenced communication was handwritten on a piece of ruled paper and was included in the common law record preceding the jury instructions. It read as follows: "It was asked if there were fingerprints on the paper bag. Can fingerprints be taken from the paper bag?" The signature below this inquiry appears to be that of one of the jurors. This was followed by: "I cannot answer the question," and was signed by the trial judge, Howard Savage. There is no reference to any communication between the trial judge and the jury during deliberations in the transcript of the trial, the record showing only the onset of jury deliberations following closing argument, the giving of instructions, the return of the verdict and polling of the jury. The issue was not included in defendant's post-trial motion, and it was not raised on direct appeal. Accordingly, the State contends that defendant has waived appellate review of this issue. We agree.

A post-conviction proceeding is a collateral attack on a final judgment and is limited to issues which have not been and could not have been previously adjudicated. (*People v. Owens* (1989), 129 Ill. 2d 303, 544 N.E.2d 276.) Review is limited by the doctrines of *res judicata* and waiver, *i.e.*, all issues actually decided on direct appeal are *res judicata*, and all those which could have been presented, but were not, are deemed waived. (*People v. Stewart* (1988), 123 Ill. 2d 368, 528 N.E.2d 631.) The issue of trial counsel's competence is subject to waiver where defendant fails to raise the issue on direct appeal (*Owens*, 129 Ill. 2d at 308), especially where different counsel represent defendant on appeal. See *People v. Pearson* (1989), 188 Ill. App. 3d 518, 544 N.E.2d 1026.

The contested communication was part of the common law record and was therefore available to appellate counsel in *Marsan I*, who was different from trial counsel. Neither issue was raised in *Marsan I* and, accordingly, we deem these issues waived. However, the waiver doctrine may be relaxed in post-conviction proceedings where fundamental fairness so requires (*People v. Del Vecchio* (1989),

129 Ill. 2d 265, 544 N.E.2d 312), and with this proviso in mind, we consider the issue of whether the trial court erred in dismissing defendant's post-conviction petition without an evidentiary hearing. *Owens*, 129 Ill. 2d at 307.

■ It is settled law in Illinois that a defendant is not entitled to an evidentiary hearing in a post-conviction proceeding as a matter of right, but only when he makes a substantial showing that his constitutional rights were violated and the record or accompanying affidavits support the allegations in his petition. (*Owens*, 129 Ill. 2d at 308.) In determining whether to grant an evidentiary hearing, all well-pleaded facts in the petition and any accompanying affidavits are to be taken as true (*People v. Caballero* (1989), 126 Ill. 2d 248, 533 N.E.2d 1089), and the denial of an evidentiary hearing on a post-conviction petition will not be reversed absent an abuse of the trial court's discretion. (*People v. Barr* (1990), 200 Ill. App. 3d 1077, 558 N.E.2d 778.) We find no abuse of discretion by the trial court in its determination of the case *sub judice.*

It is axiomatic that a defendant has the right to be present at all stages of a trial which involve his substantial rights (U.S. Const., amend. VI; Ill. Const. 1970, art. I, § 8). In order to protect the privacy of jury deliberations, communications from the judge to the jury should be made in open court and in the presence of the parties. (*People v. Johnson* (1991), 146 Ill. 2d 109, 585 N.E.2d 78.) Jurors are entitled to have their questions answered (*People v. Reid* (1990), 136 Ill. 2d 27, 554 N.E.2d 174), and the proper procedure for the trial court to follow is to discuss the jurors' request with counsel before making a response. (*People v. Tansil* (1985), 137 Ill. App. 3d 498, 484 N.E.2d 1169.) Accordingly, it has been held that a judgment based upon a private communication between a judge and a deliberating jury, which was not made in open court, violates a defendant's substantial rights. (*Tansil*, 137 Ill. App. 3d at 501, and cases cited therein.) However, reversal of a jury's verdict is not required where it is apparent that no prejudice resulted to the defendant from such an error. (*Johnson*, 146 Ill. 2d at 150-51.) Our review of the record fails to uncover any prejudice to defendant.

Assuming the allegation that a communication took place in the absence of defendant or his attorney to be true, we note that the record did not confirm such a communication one way or the other. In addition, appellate counsel has not supplemented the record with an affidavit from trial counsel (see *People v. Blalock* (1993), 239 Ill. App. 3d 830, 607 N.E.2d 645) or utilized any other procedure for clarifying the situation as provided for by Supreme Court Rule 323. 134 Ill. 2d R. 323.

The trial transcript reveals that a forensic scientist testified as to her examination of items connected with the crime and the results. The forensic expert stated that it was possible to get fingerprints from a paper bag and from a weapon, and that it was also possible for a person to touch an object without leaving a fingerprint. In the case at bar, she found no fingerprints suitable for comparison on the object given to her for examination. The initial part of the communication by the juror appears to refer to this testimony, but the question posed was whether fingerprints could be taken from a paper bag.

Although a trial court has a duty to clarify an explicit question of law that is proffered to it by the jury (*People v. Childs* (1992), 230 Ill. App. 3d 993, 596 N.E.2d 108), it is within the sound discretion of the trial court to allow or refuse a jury request to review testimony in a criminal case. (*People v. Queen* (1974), 56 Ill. 2d 560, 310 N.E.2d 166.) In *Queen*, the supreme court found error when a trial court refused to exercise its discretion under its erroneous belief that it had no discretion to answer the question. (*Queen*, 56 Ill. 2d at 565.) However, the supreme court has also recognized that a trial court may refrain from answering a jury inquiry regarding a question of fact. *Reid*, 136 Ill. 2d at 39.

■ In this case, the jury did not ask for a transcript or other trial testimony, but rather asked whether fingerprints could be lifted from a paper bag. This was a question of fact to be answered by the jury. (*People v. Hooker* (1977), 54 Ill. App. 3d 53, 369 N.E.2d 147.) Therefore, this factor distinguishes this case from *Childs*, where the question posed by the jury was one of law. (*Childs*, 230 Ill. App. 3d at 1001.) Accordingly, we believe that the trial court's response in this case was proper and, consequently, there was no abuse of discretion in dismissing the post-conviction petition without an evidentiary hearing.

In light of the foregoing, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

RIZZI and GREIMAN, JJ., concur.